## NOBLESVILLE MILLING COMPANY v. WITHAM.

[No. 12,691.   Filed May 18, 1927.]

1. MASTER AND SERVANT.—*Proof necessary to recover for injuries resulting from fellow-servant's incompetence.*—In an action for personal injuries alleged to have resulted from the incompetence of a fellow-servant, the plaintiff cannot recover unless he has proved such incompetency by a preponderance of the evidence and the defendant's knowledge of such incompetence. p. 211.

2. TRIAL.—*Instruction purporting to state all facts essential to plaintiff's recovery under Employers' Liability Law of 1911, but omitting reference to contributory negligence, held error.*— The plaintiff in an action under the Employers' Liability Act of 1911 (Acts 1911 p. 145, §§9432-9445 Burns 1926), without other order or direction than to "get the hay unloaded," was injured while assisting in stowing hay in a barn with a hay-fork, the injury resulting from the negligence of a fellow-servant in starting the team of horses that pulled a fork full of hay from the wagon to the mow. *Held*, that it was error to give a mandatory instruction purporting to state all the facts essential to a verdict for the plaintiff but omitting any reference to the negligence of the plaintiff in operating the hay-fork. p. 211.

From Hamilton Circuit Court; *Fred E. Hines,* Judge.

Action by Paul A. Witham against the Noblesville Milling Company. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the court in banc.

*Thomas E. Kane,* for appellant.

*Floyd G. Christian, Ralph H. Waltz* and *Harold A. Setters,* for appellee.

REMY, J.—Appellee was employed by appellant to perform farm labor. On a certain day, he was engaged in unloading hay from wagons, and storing the same in a barn, it being his duty to work in the mow, pitching the hay back after it had been brought to the mow by means of a hay-fork. At nightfall, two loads of hay remained at the barn unloaded. The next morning appellee was directed by the superintendent of the farm to "go and get the hay unloaded." Whereupon he and a fellow employee by the name of Thompson proceeded to unload the hay; appellee handled the fork and Thompson drove the horses which pulled the hay up to the mow by means of a rope and pulleys. When the horses were started, in order to pull a fork full of hay from the wagon, appellee's hand was caught by the fork and seriously injured. Prior to this time, appellee had not assisted in the operation of the fork. To recover damages for the personal injuries thus sustained, appellee commenced this action.

The complaint is in two paragraphs. In the first paragraph, it is averred that, at the time of his injury, plaintiff was working in the line of his duty, and that Thompson, at the time, as defendant well knew, was inexperienced in the performance of the work to which he was assigned and incompetent to do such work, and that defendant was negligent in employing him for the work and in retaining him, which negligence was the proximate cause of plaintiff's injuries.

The second paragraph is based upon the Employers' Liability Act (Acts 1911 p. 145, §§9432-9442 Burns 1926), in which paragraph the negligence pleaded is that while appellee, in the proper performance of his duty, was in the act of placing the fork in the hay upon the wagon, Thompson carelessly started the horses, causing the hay-fork to catch, and seriously injure, appellee's hand. An answer in denial closed the issues, and a trial resulted in a verdict and judgment for plaintiff, from which this appeal is prosecuted.

Error is predicated upon the action of the court in refusing to give instruction numbered one tendered by appellant, and the giving by the court, on its own motion, instruction numbered eleven.

By its tendered instruction No. 1, appellant requested the court to instruct the jury to find for defendant on the first paragraph of complaint. It was error

1. to refuse to give this instruction. Appellee and Thompson being fellow-servants, and the first paragraph of complaint being based upon negligence at common law, there can be no recovery upon that paragraph unless appellee, by a preponderance of the evidence has proved Thompson's incompetence and defendant's knowledge of such incompetency. *Ohio, etc., R. Co.* v. *Dunn* (1894), 138 Ind. 18, 36 N. E. 702, 37 N. E. 546. If Thompson was incompetent to perform the services he was rendering at the time of the accident, there is no evidence whatever that the fact of such incompetency had come to the knowledge of appellant.

Appellant also complains of the action of the court in giving, on its own motion, instruction No. 11. This

2. was a mandatory instruction purporting to state all the facts essential to a verdict for plaintiff if the jury should find from a preponderance of the evidence that such facts had been established. The in-

struction did not contain a statement to the effect that the jury must find that plaintiff was free from negligence contributing to the injuries of which he complained. On the previous day, appellee had been working in the mow, his work had nothing to do with the operation of the hay-fork; and when, on the day of the accident, he was told by appellant's superintendent to "go and get the hay unloaded," he was not thereby specifically directed to handle the fork; nor was he given any specific direction as to the use of the fork. If, however, he had been ordered to operate the fork, and was negligent in the manner in which he carried out the general order, and such negligence proximately contributed to his injury, he could not recover in this action. *S. W. Little Coal Co.* v. *O'Brien* (1916), 63 Ind. App. 504, 526, 113 N. E. 465, 114 N. E. 96. Whether appellee had been negligent in the manner in which he was operating the hay-fork at the time of his injury, was one of the issues of fact at the trial. It follows that the action of the court in giving the instruction was error. See *American, etc., Tin Plate Co.* v. *Bucy* (1909), 43 Ind. App. 501, 87 N. E. 1051, and cases cited. We do not, however, mean to hold that the general order given to appellee to "go and get the hay unloaded" was sufficient to bring the case within the Employers' Liability Act. See *Emerson Brantingham Co.* v. *Growe* (1922), 191 Ind. 564, 133 N. E. 919.

Reversed.