## BEARD *v.* BALL.

[No. 14,427. Filed July 26, 1932. Rehearing denied December 15, 1932. Transfer denied February 24, 1933.]

*Thomas Duncan, Robinson, Symmes & Melson, Val Nolan, Samuel E. Cook,* and *Claude Cline,* for appellant.

*Sanford K. Trippet* and *William D. Hardy,* for appellee.

CURTIS, J.—This was an action for damages for personal injuries brought by the appellee against the appellant, growing out of an automobile collision alleged to have been caused by the negligence of the appellant. The case was tried before a jury upon the appellee's second amended complaint to which the appellant filed a general denial. The jury returned a verdict in favor of the appellee upon which a judgment was entered in accordance therewith. There was a motion for a new trial filed seasonably and overruled and an exception taken to this ruling of the court, and this appeal prayed and perfected.

The errors relied upon for reversal are: (1) The court erred in overruling appellant's motion to require appellee to paragraph her Second Amended Complaint; (2) the court erred in overruling appellant's motion to strike out parts of appellee's Second Amended Complaint; (3) the court erred in overruling the appellant's demurrer to appellee's Second Amended Complaint; (4) the court erred in overruling appellant's motion for a new trial.

The motion for a new trial contains 34 causes, which may be summarized as follows: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (3 to 10, inclusive) error in refusing to give each of certain instructions requested by the appellant; (11 to 14, inclusive) error in giving each of certain instructions tendered by the appellee; (15 to 32, inclusive) error in giving each of certain instructions by the court on its motion; (33) the damages assessed by the jury are excessive; (34) misconduct of the jury.

The appellant has not seen fit to discuss under his Points and Authorities his assignments of error numbered 1, 2, and 3 in his "Errors relied upon for reversal," neither has he so discussed the first, second, thirty-third and thirty-fourth causes in his motion for a new trial. The rule that he has waived these alleged errors is so fundamental and has been so many times announced that we do not deem it necessary to cite authorities. Only a few of the complained of instructions given or refused are discussed by the appellant under his Points and Authorities and it is only those that are so discussed that will be considered. The alleged error as to each of the other instructions will be deemed to be waived.

The second amended complaint upon which the cause was tried proceeded upon the theory that the appellee was driving her automobile carefully and lawfully upon

a certain street intersection in the City of Evansville, Indiana; that said street intersection had traffic lights installed by virtue of an ordinance of said city; that while she was rightfully within and passing through said intersection in the proper place the appellant negligently and carelessly drove his automobile into said intersection in violation of the traffic lights and caused his car to collide with the car of the appellee, wrecking the same, and causing the personal injuries to the appellee for which damages are sought in this action. The evidence is conflicting but there is competent evidence to support the material allegations of the complaint. The instructions given by the court are appropriate to the issues and to the evidence and in our opinion are, when taken as a whole, correct and ample. In *Indianapolis Traction, etc., Co.* v. *Thornburg* (1921), 74 Ind. App. 642, 125 N. E. 57, 58, this language is used. "The instructions must be considered as an entirety. In reality there is but one instruction, one charge, given to the jury. But because of the serial nature of thought and expression, the charge necessarily must consist of several paragraphs each of which is devoted to some particular feature of the case; and it is for convenience only that these paragraphs are numbered and designated as separate instructions. No instruction is to be regarded as independent and isolated, but rather as a related and connected part of the entire charge. The rule is that error in a particular paragraph will not justify a reversal unless it be of such a nature as to vitiate the whole charge. The entire charge is vitiated only when it is so erroneous that the jurors must have been misled as to the law of the case." See, also, *Shields* v. *State* (1897), 149 Ind. 395, 49 N. E. 351, and the many cases cited therein.

The alleged error of the court in refusing to give instruction number 1, tendered by the appellant, is properly presented and we proceed to examine it. The appellant calls especial attention to that part of his tendered in-

struction to the effect that if the evidence is evenly balanced upon any question, that the jury should answer such question against the party who has the burden of proof on that issue. It is complained that no other instruction covered that subject. In this the appellant is in error. The court in its own instructions 1 and 17 fully covered this matter and instructed the jury that "the burden is upon the plaintiff to prove by a preponderance of the evidence all of the material allegations in her said amended complaint." In instruction number 17 the court instructed the jury as follows: "The preponderance of the evidence is not determined solely by the number of witnesses testifying to a fact, or a particular state of facts. By a fair preponderance of the evidence is meant the greater weight of the evidence, and the evidence given upon any fact in issue which convinces you most strongly of its truthfulness is of the greater weight." Complaint is next made of the refusal of the court to give instruction number 2 tendered by the appellant. This instruction relates to the credibility of witnesses and the weight to be given their testimony. By instruction number 16 given by the court the jury was told that: "You are the sole judges of the facts and credibility of the witnesses. It is your duty to reconcile all the statements of witnesses so as to believe all the testimony, if you can. If you cannot reconcile the statements, of witnesses on account of contradictions, then you have a right to believe the witness, or witnesses, you deem most worthy of credit and disbelieve the witness, or witnesses, whom you deem least worthy of credit. In determining whom you will believe, you may consider the nature of the evidence given by them; how far they are corroborated or contradicted by other testimony and in weighing the testimony and determining the credibility. of the witnesses, it is proper for you to take into consideration all the surrounding circumstances of the witnesses as brought out in the evi-

dence, their interest, if any, in the result of the action; and such other facts appearing in the evidence as will, in your opinion, aid you in determining whom you will believe, and you may also, in considering whom you will or will not believe, take into account your experience and relations among men." The appellant next argues that the court in no instruction advised the jury as to the duty of the appellee to use ordinary care as to the use of her automobile and that it was error to refuse his instruction number 3 on the subject. We call the appellant's attention to the court's instructions numbered 8, 9, 13 and 14, wherein the subject is fully covered. As an illustration we quote from number 9 as follows: "Reasonable and ordinary care, both on the part of the plaintiff and the defendant is such care as a reasonable, careful and ordinarily prudent person would exercise under the same or like circumstances. A failure to exercise such care is negligence on the part of the one so failing." The refusal of the court to give appellant's instruction number 7 is next questioned. This tendered instruction is plainly erroneous and it would have been error to have given it. It contains the statement that if the plaintiff drives across an intersection "or part thereof" while there was a red signal against traffic in that direction that she would be guilty of contributory negligence and could have no recovery. This is not the law. If she entered the intersection upon a proper signal and the signal changed before she could get all the way across she could not then stop and go back but it would be her right and duty ordinarily to complete the crossing. In completing the crossing of the intersection she would thus be compelled to drive over the incompleted part of it, against the red signal. We think the jury was fully instructed by the court on the subject of contributory negligence of the appellee in some of the instructions tendered by the appellant and given and also by the court's own instruc-

tions. What has been said as to the instructions on contributory negligence also covers the alleged error in refusing to give appellant's instruction number 10. It is next urged that the court erred in giving its own instruction number 2, and in this connection it is urged also that instruction number 15 given by the court of its own motion is contradictory of said instruction number 2. Here again the appellant is in error. Instruction number 2 is a correct instruction upon the burden of proof and instruction number 15 is upon contributory negligence. The two instructions are not only not conflicting but they supplement each other. Not all of the law of the case can ordinarily be stated in one instruction and the instructions must be read and considered as a whole. When so read and considered they are not in the instant case conflicting or confusing to the jury. There was no attempt made in said instruction number 2 to state all the facts essential to a verdict for the appellee and consequently the rule contended for by the appellant as announced in *Noblesville Milling Co.* v. *Witham* (1927), 86 Ind. App. 209, 156 N. E. 522, and in the cases he cites has no application.

We find no error in the giving or in the refusal to give instructions. In our opinion the appellant has presented no reversible error.

Judgment affirmed.