INA LAURINAT, APPELLEE, V. KATHRYN GIERY, APPELLANT.

61 N. W. 2d 251

Filed November 27, 1953. No. 33382.

*Gross, Welch, Vinardi & Kauffman* and *Louis A. Holmes,* for appellant.

*John A. Wagoner,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action for damages brought by plaintiff, a pedestrian, against defendant the driver of an automobile. It is an intersection case.

Plaintiff plead six specifications of negligence. Defendant denied generally, and plead negligence and contributory negligence. At the close of plaintiff's case and again at the close of all the evidence defendant moved for an instructed verdict. These motions were overruled. The trial court submitted the matter to the jury on three specifications of negligence and on contributory negligence. The jury found for the plaintiff and awarded substantial damages. The defendant moved for judgment notwithstanding the verdict. The motion was overruled. Defendant appeals, assigning error as to the rulings on the motion and in other particulars. We reverse the judgment of the trial court and remand the cause with directions to enter judgment for the defendant.

Plaintiff's evidence is summarized first here. Third Street and Walnut Street in Grand Island intersect in a business area. Third Street runs east and west. Walnut Street runs north and south. The streets are paved and level at the area here involved. The width of the streets is not shown, except from the evidence it appears that they are wide enough to permit traffic to move simultaneously in both directions. By calculation the width of Walnut Street may be about 45 feet. Traffic at the intersection is controlled by automatic signals which change from green to red and red to green. The accident happened on the crosswalk leading from the south side of Third Street across Walnut Street.

There are three automobiles whose movements are described in the evidence. The automobile of the defendant is first shown to be crossing the crosswalk at the south side of the intersection, headed south in a straight line and somewhat toward the east side of the west half of Walnut Street. Defendant's car stopped within 20 to 30 feet after the accident. The second automobile is first shown to be in a standing position at the west side of the intersection and headed east. From there it moved east across the intersection and out of the events that followed.

The third automobile is that of the witness Winfrey. It came from the west and slowed down behind the second car, coming within 6 or 8 feet of it, and then as the second car went east, turned to the right and came to a stop on the crosswalk at approximately the same point that had just been passed by defendant's car. There was no car between this witness' car and the car ahead. There is no evidence that defendant's car went between the east-bound car and the Winfrey car. This evidence would point to the fact that defendant's car cleared the west-to-east lane of traffic ahead of the east-bound car.

The accident happened about 11 a. m. on a May morning. The weather was clear, and visibility was good.

Plaintiff was walking east on the south side of Third Street when, entering or about to enter the intersection, she saw the traffic light was green. She does not know whether she stopped or not. She proceeded east. She looked to her right and saw cars stopped in the lane of traffic headed north. She looked to the left and saw a car moving east. She says she was then 3 or 4 feet out in Walnut Street. She did not again look north. There is no testimony that she looked ahead at any time after seeing that the light was green in her favor. About 15 feet out in the street, as she was walking east at a "normal rate" of speed, she made contact with defendant's car. She had not seen it prior to that time. Shortly after the accident she said that the point of contact was with the right-rear fender of defendant's car. On the witness stand she testified that it was the right-front fender, explaining the change of testimony by saying that she was under the impression at first that defendant's car had struck her in making a right turn, but when it was explained to her that defendant was moving from north to south, she knew differently. At no place, however, does she put herself in front of defendant's car or testify that she was struck by the front of

defendant's car. She puts the point of contact as on the right side of defendant's car.

The witness, Winfrey, testified that he was 16 to 20 feet away from the west side of Walnut Street when he observed the traffic signal change. He proceeded east in second gear behind the east-bound car and saw plaintiff hit when he started to make the right-hand turn. Shortly after the accident Winfrey gave a signed statement in which he said "the impact was the right rear fender." On the witness stand he said that all he knew was that the defendant's car hit the plaintiff.

Plaintiff testified that the defendant's car hit her on the left side, and that she suffered serious injuries to her left leg. The plaintiff spun around and came to rest in a sitting position, according to her testimony and that of Winfrey and one other witness Haessler, about 3 or 4 feet west of the point of impact and in the crosswalk, although plaintiff, in a deposition taken 5 days before the trial, marked her sitting position as in the street north and west of the point of impact.

The witness Haessler was walking east behind plaintiff. He did not see defendant's car hit the plaintiff. He saw plaintiff, he thought, "in the air." Although he was within 20 feet or so of her at the time, he heard no impact. By calculation, Haessler's testimony would put the point of impact about 10 to 12 feet east of the curb line.

The evidence offered by defendant is that she was proceeding south at 15 miles per hour or "very slow"; that the light was green in her lane of travel when she entered the intersection; that as she entered and progressed through the intersection she saw a woman, who was rubbing her eyes, standing on the southwest corner just off the sidewalk and in the crosswalk; that defendant moved on through the intersection; that the woman, later identified as plaintiff, was never in her line of vision as she looked ahead; that defendant's mother was with her on the right-front seat; that just as she

was leaving the crosswalk the mother looked back and saw the plaintiff on the paving; that there was no noise to attract her attention; and that no part of the car in front or in the line of vision struck the plaintiff. Defendant testified that she stopped in 15 feet.

Defendant further offered evidence that there were no marks of any kind on the car following the accident. Defendant also offered evidence of a witness who was on the northeast corner of the intersection that he saw a lady walk into the right-rear fender of defendant's car, whirl around, and fall down.

We take up first the assigned error as to the court's refusal to direct a verdict and in denying the motion for judgment notwithstanding the verdict.

The first question presented here is that of whether or not plaintiff proved negligence of the defendant. As against a motion for a directed verdict plaintiff is entitled to have every controverted fact resolved in her favor and to have the benefit of every inference that can reasonably be deduced from the evidence. Scarborough v. Aeroservice, Inc., 155 Neb. 749, 53 N. W. 2d 902.

Plaintiff alleged that she proceeded into the intersection protected by a green light in her favor. The evidence sustains that allegation. She proved also that by an ordinance of the city of Grand Island she was "entitled to the right of way." She alleged that the defendant drove through the intersection against the flow of traffic and that the signal was red for traffic on Walnut Street. The general denial of defendant put in issue that allegation, as well as other allegations of negligence. The trial court submitted to the jury the issue as to whether or not defendant drove "into and through" the intersection against a red signal. Plaintiff so construes the issue here.

This accident happened at the far side of the intersection so far as defendant's movement is concerned.

There is no direct evidence that defendant entered the intersection against the mandate of a red light.

Every deduction that may be drawn from the evidence points to the contrary conclusion that defendant's car was in the intersection when the lights changed. The evidence of plaintiff's witness Winfrey is that the lights changed from red to green in her favor just as she was entering, or about to enter, the intersection. The evidence is that at that time they changed from green to red against the defendant. Between the time of the change and the impact plaintiff walked east a distance of 15 feet. The evidence of Winfrey is that his car moved from 16 to 20 feet during that time. Obviously the defendant's car moved across the east-bound cars' lane of traffic ahead of the east-bound car. There is no evidence of any delayed movement of the east-bound car. There is no evidence of speed on the part of defendant. The fact that defendant's car was stopped within 30 feet of the impact negatives any such conclusion.

We have then a situation where the defendant was moving through an intersection when the lights changed and plaintiff entered the intersection.

The applicable rules are: A motor vehicle having started to cross an intersecting street in accordance with the signal light is ordinarily entitled to complete the crossing notwithstanding a change in lights.

A person entering a street intersection with a traffic light in his favor is under an obligation to use due care and to yield the right-of-way to vehicles already in the intersection. His right-of-way is subject to the rights of those already in the intersection. Sklar v. Southcomb, 194 Md. 626, 72 A. 2d 11; United States Fidelity & Guaranty Co. v. Continental Baking Co., 172 Md. 24, 190 A. 768; Galliano v East Penn. Electric Co., 303 Pa. 498, 154 A. 805; Valench v. Belle Isle Cab Co., 196 Md. 118, 75 A. 2d 97; Caryl v. Baltimore Transit Co., 190 Md. 162, 58 A. 2d 239; Schindler v. Gage (La.), 59 So. 2d 215; Beard v. Ball, 96 Ind. App. 156, 182 N. E. 102; Radobersky v. Imperial Volunteer Fire Dept., 368 Pa. 235, 81 A. 2d 865; Byrne v. Schultz, 306 Pa. 427, 160 A. 125; Spence v.

Waters, 9 Harr. 582, 4 A. 2d 142; 60 C. J. S., Motor Vehicles, § 360, p. 854; 5 Am. Jur., Automobiles, § 309, p. 671.

Under these circumstances the fact that defendant completed her movement through the intersection, going against a red light in so doing, was not in and of itself a negligent act, and plaintiff was not entitled to recover on that ground.

The second ground of negligence which the court submitted to the jury was that the defendant failed to yield the right-of-way to the plaintiff. The third ground of negligence which the court submitted to the jury was that the defendant failed to turn her automobile so as to avoid striking plaintiff.

The difficulty with these contentions is that plaintiff does not put herself in a position of danger when defendant's car entered the crosswalk. She puts herself in the position of walking into that place of danger, and into the side of a car that, according to her own evidence, was moving straight ahead.

A motorist is not obligated to stop his motor vehicle every time a person gets so close to it that it is possible for a person to walk into it. Schroeder v. Pittsburgh Rys. Co., 311 Pa. 398, 165 A. 733. The same rule would apply to a requirement to turn aside.

Plaintiff and her witness, shortly after the accident, put the point of impact on the side at the right-rear fender. Plaintiff at the time of trial insisted that it was on the right-front fender, but at no time does she put the impact on the front of the car. Obviously if the point of impact was at the front side of the car, there was no turning aside or stopping that would have prevented plaintiff's walking into the side of the car.

We conclude that plaintiff did not prove negligence of the defendant. She proved only that an accident occurred.

"In an action in tort for damages for personal injuries negligence is never presumed and cannot be inferred

from the mere fact that an accident happened." In re Estate of Bingaman, 155 Neb. 24, 50 N. W. 2d 523.

The trial court erred in overruling defendant's motion for an instructed verdict at the close of plaintiff's case and in denying a judgment notwithstanding the verdict. Pursuant to section 25-1315.03, R. R. S. 1943, the judgment of the district court is reversed and the cause remanded with directions to enter judgment for the defendant. Yanney v. Nemer, 154 Neb. 188, 47 N. W. 2d 368.

REVERSED AND REMANDED WITH DIRECTIONS.