LILLIE THOMAS, APPELLEE, V. CECIL OWENS, APPELLANT.

99 N. W. 2d 611

Filed December 4, 1959.   No. 34610.

*Story, Pilcher & Howard,* for appellant.

*Martin A. Cannon,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an intersection automobile collision case.

Plaintiff was a passenger in a car driven by her daughter. We will hereafter refer to it as plaintiff's car, with the explanatory statement that no question of imputed negligence is involved.

Defendant was the owner and driver of the other car.

Issues were made and trial was had to a jury resulting in a verdict for defendant upon which the trial court entered judgment for the defendant. The trial court sustained a motion for a new trial. Defendant appeals from that order.

We reverse the judgment of the trial court and remand the cause with directions to reenter the judgment in favor of the defendant.

Defendant brings the cause here.

The procedure is that set out in Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772, which we quote in part: "Where a ground or grounds

for a motion for a new trial present a question or questions of fact which are in dispute, the district court becomes the judge of such questions of fact. If a party desires a review of that determination, the showing thereon must be preserved in the record. * * * That rule does not authorize the district court to invade the province of the jury and to set aside the verdict and grant a new trial because the court arrived at a different conclusion than the jury on the evidence that went to the jury. * * * Where a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts in issue, he has a right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured. * * * Whether the decision was to grant a new trial or deny one, the questions here are, ·do the alleged error or errors appear in the record, were they called to the attention of the trial court by the motion, and do they constitute prejudicial error to the party complaining. * * * Under this rule if the trial court gave reasons for the granting of a new trial, the duty rests upon the appellant to present those reasons and in appropriate manner support his contentions that those reasons are not sustainable from the record and applicable rules of law. The appellee has then the duty, if ·he desires, of meeting those contentions. The appellee has the right to point out and submit additional reasons to sustain the trial court's judgment. * * * If the trial court gave no reasons for its decision, then the appellant meets the duty placed upon him when he brings the record here with his assignments of error and submits the record to critical examination with the contention that there was no prejudicial error. The duty then rests upon the appellee to point out the prejudicial error that he contends exists in the record and which he contends justifies the decision of the trial court. The appellant then in reply has the right, if he desires, of meeting those contentions."

The trial court gave no reason for the action taken in its order granting a new trial. However, the trial court indicated to the parties its conclusion for so doing. It was that the evidence established concurrent negligence of the defendant proximately contributing to cause the accident. Stated otherwise, the trial court found the defendant guilty of negligence as a matter of law proximately contributing to the cause of the accident.

We review the evidence here under the long-established rule that such a motion admits the truth of all competent evidence favorable to the party against whom the motion is directed; that every controverted fact must be resolved in his favor; and that he is entitled to the benefit of every inference that can reasonably be deduced from the evidence.

The accident happened at the intersection of Seventy-second and Dodge Streets in the city of Omaha on May 20, 1957. It occurred in the afternoon, the weather was good, the sky was clear, and the pavement was dry. No atmospheric conditions enter into the problem.

Dodge Street at that intersection runs east and west. It is a paved street. On all four corners there are lanes for right turns from and into Seventy-second Street. There are also two westbound and two eastbound lanes for traffic, separated by a lane designed for use by vehicles making left turns. These lanes are each 12 feet wide.

Seventy-second Street, south of Dodge Street, in addition to the turning lanes has two lanes for southbound and two lanes for northbound traffic. These northbound and southbound lanes are separated by an island that runs from near the intersection southward.

Seventy-second Street north of Dodge Street, in addition to the right-turn lanes, has two lanes for southbound traffic and, for a short distance, has two lanes for northbound traffic. These in turn are separated by an island.

Plaintiff's car going south in the inner lane of Seventy-second Street came to the intersection at a speed of not to exceed 5 miles an hour. The green light showing permission to proceed was in her favor. The electric signal on her car indicating an intent to make a left turn was operating. Plaintiff's car, reducing its speed, proceeded south and was partly across the inner westbound lane when the driver looked and saw defendant's car some 25 feet or more south of the intersection and proceeding north in the east or "through" lane of traffic.

Patently defendant's car was visible a considerable distance to the south before plaintiff's driver saw it. Defendant's car had come from the south at a speed of 35 miles per hour or less. As it approached the intersection there was a red light against its line of travel. The light changed to green and defendant's car slowed down momentarily. It proceeded into the intersection. Defendant saw plaintiff's car "creeping" south. She was not in his lane of travel. Her left turn light was operating. Defendant construed the slow speed of plaintiff's car as an indication that he was to pass on through ahead of her left turn into Dodge Street. He continued his course and speed. Plaintiff's driver passed across the middle east and west passing lane and looked to the east on Dodge Street. She then turned into defendant's lane of travel. The inevitable collision followed.

Courts must recognize that in these days many jurors are experienced automobile drivers and that city jurors probably have had experience in driving in congested areas such as the one involved here. The method of passing and turning which is exemplified here occurs repeatedly and is a matter of common knowledge. We think the jury could well have found that the slow speed of plaintiff's driver into and through the intersection, maintaining a position away from defendant's line of travel and her patent failure to exercise any right-of-way which she may have had, was an invitation

to defendant to go ahead and pass in front of her. See Hammond v. Emery-Bird-Thayer Dry Goods Co. (Mo.), 240 S. W. 170.

Plaintiff here claims the right for her driver to move at a slow pace through a heavily used intersection and yet maintain a right-of-way over all other traffic. The jury could well have found that she created the situation that resulted in the accident and, as it evidently did, that plaintiff's driver was negligent and that negligence was the proximate cause of this accident. The facts bring the question within the area of the jurisdiction of a jury. Its decision is conclusive, where prejudicial error otherwise is absent.

The trial court erred in sustaining the motion for a new trial for the indicated reason.

Pursuant to the rule in the Greenberg case, plaintiff here sets up assignments of error other than that advanced by defendant, which she claims justifies the court's order. Plaintiff's first two assignments of error are that the court erred in not directing a verdict for the plaintiff on all issues except damages and in submitting the issue of defendant's reasonable control of his car to the jury.

The cause presented at best a jury question. We see no prejudice to plaintiff nor reason for discussing these assignments in view of our determination on the principal question above discussed.

Plaintiff claiming that instruction No. 11 set out the "undisputed facts in this case" contends that it required a verdict for plaintiff and that the jury was guilty of misconduct in finding for the defendant. We see no reason for discussing the instruction. It did not purport to set out all of the undisputed facts. The trial court did not consider that it did so, nor did the jury. We do not so consider it.

The plaintiff next assigns as error the failure of the trial court to give a series of requested instructions. Some of them would result in an invasion of the area

of fact determination reserved for the jury. Others are requests for instructions to prevent the jury from "wrongly interpreting the law." One is an abstract statement of a purported rule of law without any effort to advise the jury of its application, even if found applicable. Finally there is a complaint about the definition of proximate cause.

We have examined these matters and find no indication of error prejudicial to the plaintiff. We see no reason for an extended discussion of them.

The judgment of the trial court is reversed and the cause remanded with directions to overrule the motion for a new trial and to reinstate the judgment for the defendant.

REVERSED AND REMANDED WITH DIRECTIONS.