AYRES, Judge.
This is an action ex delicto wherein plaintiff William C. Sibley seeks to recover damages for personal injuries, as well as property damage to his automobile, resulting from a motor vehicle collision of September 7, 1962, at the intersection of Hol-fywood and Linwood Avenues in the City of Shreveport. Sibley’s collision insurer seeks to be reimbursed for the payment made for damages to Sibley’s car.
Involved in the accident were plaintiff Sibley’s Volkswagen and Hoyle Mason’s Chevrolet, operated at the time by his wife, Pearly Mason. Made defendant in addition to Mason and his wife was The Aetna Casualt}*- and Surety Company, insurer of the Mason Chevrolet. The defendant Hoyle Mason sought, in reconvention, recovery of property damage to his car. From a judgment rejecting plaintiffs’ demands as well as rejecting the reconventional demands of the defendant Hoyle Mason, plaintiffs appealed. Defendants neither appealed nor have they answered plaintiffs’ appeal. Hence, the judgment as relates to defendants’ reconventional demands is final.
*465 This appeal presents only factual questions. A resumé of the essential facts appears appropriate as a prerequisite to a consideration of the issues presented for determination. Hollywood and Linwood Avenues are 4-lane thoroughfares in the City of Shreveport. Linwood takes a general north and south course; Hollywood, east and west. They intersect or cross at right angles. Traffic through this intersection is governed by a conventional electric traffic signal suspended above the center of the intersection. The sequence of the light changes is as follows:
The green light for both sides of Linwood remains for 28 seconds. During this period both sides of the light for Hollywood are red. The green light on both sides of Linwood changes first to amber (yellow) for a period of three seconds, during which three seconds the lights on both sides of Hollywood remain red. The lights for both sides of Linwood then turn red while the lights for both sides of Hollywood remain red for a period of 3}4 seconds. Thus, the lights on both sides of Hollywood have been red for 34(4 seconds. At that stage the lights on both sides of Hollywood remain red and a green left-turn arrow comes on for both sides of Hollywood Avenue. These green arrows and the red lights on both sides of Hollywood remain on for 454 seconds. A green light thereafter follows on both sides of Hollywood Avenue and remains during a period of 341/4 seconds. One complete cjmle consumes 80 seconds. The cycle then repeats itself.
Prior to the accident, Mrs. Mason, accompanied by Mrs. Ruth Knight, was driving westerly on Hollywood on the inner right-hand, or westbound, traffic lane with the intention of making a left turn and continuing southerly on Linwood. On reaching the intersection, the signal light was red to her, whereupon she stopped to await a favorable signal. When the green arrow was shown, Mrs. Mason proceeded in accordance therewith to make a left turn. On crossing the most southerly of the eastbound traffic lanes, the Mason vehicle was struck on its right side by the front of plaintiff’s vehicle.
Plaintiff Sibley, accompanied by Mrs. Sibley, was proceeding easterly on Hollywood with the intention of continuing through the intersection. At the time Sibley entered the intersection, and at the time of the accident, there were cars awaiting, on both streets, a favorable signal to proceed through the intersection. The only movements permitted at the time were left turns. Mrs. Mason, as stated, waited for and began her left turn on a proper left-turn signal. Plaintiff Sibley contends, however, that, although he did not stop at the intersection, he entered the same on a favorable light. Even so, had Sibley been looking ahead, he would have seen Mrs. Mason making a left turn. She should have been permitted to complete this movement in safety, a movement which she had begun on a favorable signal.
The fact that all cars from the four points of the compass at the intersection remained in a stopped position evidences the further fact that, if the light had changed, as stated by plaintiff Sibley, sufficient reaction time had not elapsed to permit their starting again. Therefore, it would appear that plaintiff Sibley should have permitted Mrs. Mason to complete the left-turn movement which she had begun.
The evidence, however, is contradictory, particularly as to whether the signals were favorable for the movements undertaken by the drivers of these respective vehicles. In giving consideration to all the evidence, in view of the burden of proof imposed upon plaintiffs to establish their case by a reasonable preponderance of the evidence, it cannot be concluded that they have sustained such burden of proof.
The judgment appealed is therefore affirmed at plaintiffs-appellants’ cost.
Affirmed.