JOHN B. HEAVICAN, APPELLANT, V. EUGENE ARTHUR HOLBROOK, APPELLEE.

194 N. W. 2d 208

Filed February 10, 1972. No. 38021.

S. J. Albracht and Michael P. Cavel of Lathrop, Albracht & Dolan, for appellant.

Joseph Meusey of Fraser, Stryker, Marshall & Veach, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This action arose out of an automobile accident. The jury found that neither party should recover. The plaintiff appeals. There is no cross-appeal. The assignments of error relate to the instructions to the jury.

The accident happened at about 9:15 p.m., on April 4, 1968, at the intersection of Dodge Street and Seventy-second Street in Omaha, Nebraska. Dodge Street runs east and west. Seventy-second Street runs north and south. The weather was clear and the streets were dry. The plaintiff was driving north intending to proceed on Seventy-second Street through the intersection. The defendant was driving south intending to turn left and proceed east on Dodge Street.

Both streets have multiple lanes, including left turn lanes, with opposing traffic separated by islands or medians. The intersection is controlled by traffic signals with lights which appear in this sequence: Red; red with left turning green arrow; green; and yellow.

On the south side of the intersection there are four lanes approaching the intersection. The extreme right lane is for traffic intending to turn right. The next two lanes are for through traffic intending to proceed north on Seventy-second Street. The fourth lane is for traffic intending to turn west onto Dodge Street. On the north side of the intersection there are three lanes approaching the intersection, a left-turning lane and two regular traffic lanes.

The amended petition alleged that the defendant was negligent in failing to keep a proper lookout; in failing to keep his automobile under proper control; in turning in front of the plaintiff without ascertaining whether it was safe to do so; and in making a left turn contrary to section 35.28.150 (e) of the Omaha ordinances.

The answer alleged that the plaintiff was negligent in failing to maintain a proper lookout; in failing to maintain reasonable control of his automobile; in entering the intersection when the traffic light was red; in failing to yield the right-of-way to the defendant; and in operating his vehicle at an excessive speed.

The plaintiff testified that he approached the intersection in the through-traffic lane second from the right; that the traffic light was green; that there was another automobile in the same lane 2 car lengths or more ahead of him; that after he had entered the intersection the defendant's automobile "darted" in front of him; that he swerved to the right and didn't have time to apply his brakes; that the impact occurred; and that he was injured.

The defendant testified that he approached the intersection from the north in the left-turn lane; that he used his left turn signal to signal his intention to make a left turn; that there were two or three cars ahead of him; and that the traffic light was red. When the traffic light changed to the green arrow, the automobiles ahead of the defendant entered the intersection and made left turns. The defendant followed these automobiles into the intersection and then stopped because the traffic light had changed to green for through traffic. After the traffic light had changed to red for northbound traffic, the defendant started to make his turn. The defendant first saw the plaintiff's automobile when it was 5 or 10 feet away. The front of the defendant's automobile was then in the through-traffic lane first from the right for northbound traffic. The evidence was in conflict and presented questions for the jury.

The plaintiff contends that the trial court erred in instructing the jury in reference to section 35.28.150 of the Omaha ordinances without also instructing in reference to the other ordinances relating to left turn traffic signals.

The general rule is that a party must plead and prove the existence of a municipal ordinance in order to have the benefit of the ordinance. Perrine v. Hokser, 158 Neb. 190, 62 N. W. 2d 677; Chicago Lumber Co. v. Gibson, 179 Neb. 461, 138 N. W. 2d 832. Here the plaintiff failed to plead or prove the ordinances relating to left turn traffic signal lights. As a consequence, the trial court had no duty to instruct the jury in reference to the ordinances.

The plaintiff further contends that the second paragraph of instruction No. 15, which read as follows, was erroneous:

"The driver of a vehicle approaching but not having entered an intersection shall yield the right of way to a vehicle within such intersection and turning therein to the left across the line of travel of such first mentioned vehicle, provided the driver of the vehicle turning left has given a plainly visible signal of intention to turn."

The instruction given was based upon section 39-751, R. R. S. 1943, prior to its amendment in 1969 and 1971. See § 39-751, R. S. Supp., 1969, and § 39-751, R. S. Supp., 1971. At the instruction conference held in chambers, the plaintiff objected to instruction No. 15 and advised the trial court that he did not believe the second paragraph was applicable to the intersection involved in this case.

The effect of the instruction as given was to advise the jury that the plaintiff was required to yield the right-of-way to the defendant if the plaintiff had not entered the intersection and the defendant was in the intersection turning across the plaintiff's line of travel and had signaled his intention to turn. The instruction as given was misleading and not applicable to the facts

in this case unless qualified by other instructions to reflect the particular circumstances in this case.

The trial court instructed the jury generally in reference to the rules of the road at intersections controlled by traffic signal lights. None of the instructions given related specifically to the left turn traffic signal light at the intersection.

We have no statutes specifically relating to left turn traffic signal lights, but local authorities are authorized to regulate traffic by signaling devices. § 39-767, R. R. S. 1943. In the absence of a statute or ordinance, the meaning to be given to a traffic control signal is that which a reasonably prudent motorist would understand and apply. Zavoral v. Pacific Intermountain Express, 178 Neb. 161, 132 N. W. 2d 329.

The purpose of the left turn signal light here was to separate traffic turning left from through traffic. Thus, when the green arrow was lighted, traffic in the left turn lane was authorized to enter the intersection for the purpose of making a left turn. When the green arrow was not lighted, traffic in the left turn lane was not authorized to enter the intersection. The jury should have been instructed to this effect. It is the duty of the trial court to instruct the jury as to the issues presented by the pleadings and evidence. Zavoral v. Pacific Intermountain Express, *supra*.

As a general rule, a motorist who enters an intersection when the signal is in his favor is entitled to continue through the intersection even though the signal changed after he entered the intersection. Laurinat v. Giery, 157 Neb. 681, 61 N. W. 2d 251. The rule is applied generally to motorists entering the intersection on a left turn signal. Sibley v. Aetna Casualty & Surety Co., 163 So. 2d 464 (La. App.); Potts v. United States Fidelity & Guaranty Co., 135 So. 2d 77 (La. App.); Lasnetske v. Parres, 148 Colo. 71, 365 P. 2d 250. The right-of-way of the left turning motorist over through traffic entering on the green signal, however, exists only if the mo-

torist making the left turn entered the intersection on a favorable signal and the turning movement is continuous.

In this case the defendant testified that after the green arrow came on he followed two or three cars into the intersection but stopped because the green arrow was off and through traffic had entered the intersection. In Thomas v. Owens, 169 Neb. 364, 99 N. W. 2d 611, a case which arose out of a similar accident at the same intersection, this court said that the jury could find that a vehicle making a left turn, while moving very slowly and maintaining a position away from the line of travel of through traffic, had yielded the right-of-way to through traffic. The rule is applicable here where the defendant had stopped in the intersection and did not commence the turning movement until the plaintiff was entering or was about to enter the intersection.

Under the circumstances in this case, if the plaintiff entered the intersection on the green light, as he testified, he was not required to yield the right-of-way to the defendant who had stopped and yielded the right-of-way to through traffic. The failure to instruct with reference to the left turn traffic signal light permitted the jury to find that the defendant had the right-of-way over the plaintiff even if plaintiff had entered the intersection on the green light.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.