ELIZABETH R. RIGATUSO, APPELLANT, V. DENNIS D. LOWE,
APPELLEE.

503 N.W.2d 845

Filed May 19, 1992.   No. A-89-1487.

Dennis C. Magnuson, of Gast & Peters, for appellant.

Robert D. Mullin, Jr., and Geoffrey V. Pohl, of McGrath, North, Mullin & Kratz, P.C., for appellee.

SIEVERS, Chief Judge, and HANNON and WRIGHT, Judges.

HANNON, Judge.

The parties were involved in an automobile accident at the intersection of 24th and Martha Streets in Omaha, Nebraska. The plaintiff's suit for personal injury damages resulted in a verdict for the defendant. The plaintiff appeals, and the only issue is whether the trial court erred in giving instruction No. 20.

On May 5, 1987, at approximately 5:30 p.m., the appellant, Elizabeth R. Rigatuso, was traveling southbound on 24th Street in the curb lane and the appellee, Dennis D. Lowe, was traveling northbound in the inside lane of 24th Street. Lowe intended to turn west onto Martha Street, and as he approached the intersection, he activated his left turn signal and slowed down, entering the intersection on a green light. As Lowe waited to turn left, he stopped his automobile to wait for oncoming southbound traffic to clear the intersection. The point at which he stopped is in dispute. The evidence on the position of the vehicle in the intersection is conflicting. There is evidence that the vehicle was partially in the intersection, a third

in the intersection, and a half in the intersection.

Lowe testified he looked north on 24th Street before making the turn and did not see Rigatuso's vehicle. The light controlling the traffic on 24th Street turned amber, and sometime thereafter Lowe began his left turn. At the same time, Rigatuso came into the 24th and Martha Streets intersection southbound, and the two cars collided. There was conflicting testimony at trial as to whether the 24th Street traffic signal was amber or red when Rigatuso entered the intersection. Lowe and a passenger in his vehicle each testified the traffic light had changed from amber to red just before he started his left-hand turn. Another passenger in Lowe's vehicle testified the traffic signal was amber when he last saw it before Lowe turned. Rigatuso and her passenger testified their light was amber when Rigatuso entered the intersection. Rigatuso sustained personal injuries in the resulting collision and sued Lowe for negligence. The jury rendered a verdict in favor of Lowe.

At the trial, Rigatuso objected to jury instruction No. 20, which stated: "A driver entering an intersection with traffic lights in his favor, and having stopped within the intersection, may complete his movement through the intersection notwithstanding a change in the traffic lights, subject to the rules set forth in all these instructions."

This objection was overruled, and Rigatuso maintains the trial court erred by giving instruction No. 20 because (1) the instruction referred only to the masculine gender, so as to infer its applicability to the appellee only; (2) the instruction is an original creation of the court and has no basis for application to the present factual situation; and (3) the instruction infers that the appellee could complete his turn through the intersection, in disregard of the consequences of his actions.

In determining the sufficiency of jury instructions on appeal, the court will read the instructions as a whole, and when they fairly submit the case and the jury could not have been misled, there is no prejudicial error. *Bishop v. Farm Bureau Life Ins. Co.*, 228 Neb. 74, 421 N.W.2d 423 (1988). In an appeal based on the claim of an erroneous instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the

appellant. *Sikyta v. Arrow Stage Lines*, 238 Neb. 289, 470 N.W.2d 724 (1991).

Rigatuso asserts that instruction No. 20 is prejudicial because it uses the masculine pronoun "his" instead of being gender neutral. She urges that if the instruction had been written in a gender-neutral manner and the phrase "and having stopped within the intersection" had been omitted, the instruction would have been a correct statement of law and applicable to both parties. The appellant has cited the court to no authority, nor is the court aware of any authority, requiring jury instructions to be gender neutral. The instruction covers the only driver who stopped within the intersection, that is, the appellee. The instruction obviously refers only to the lone masculine driver. The appellant fails to explain how the jury was confused or how the appellant was ultimately prejudiced by use of the masculine pronoun in the instruction, and this court cannot think of any prejudice to the appellant in this case.

The appellant asserts that instruction No. 20 is an incorrect statement of the law because it unduly emphasizes the rights of a left-turning motorist and instructs the jury that a left-turning motorist has the right after entering an intersection on a green light and stopping for oncoming traffic to complete his turn regardless of the presence of traffic in or approaching the intersection. By its terms, the instruction does not say what the appellant argues it says.

The appellant argues that the "homegrown" instruction does not correctly reflect the law. A trial judge has the duty to instruct the jury on the issues presented by the pleadings and the evidence. *In re Estate of Camin*, 212 Neb. 490, 323 N.W.2d 827 (1982). Efficiency usually requires judges to copy instructions from form books, previously used instructions, or other cases, but if these sources are not available, a judge has no alternative but to draft such instructions as the facts of the case and the law require. The sole inquiry should be whether the instructions correctly reflect the law applicable to the case.

In this case, the appellee's version of the evidence shows that the appellee entered the intersection on a green light to make a signaled left-hand turn and that oncoming traffic required him to stop until the light turned red. The court had the duty to

instruct the jury on the rights and duties of a left-turning motorist in that situation. It is surprising that prior case law does not give a clearer indication of the rights of such a motorist in the position the appellee found himself. The case *Laurinat v. Giery*, 157 Neb. 681, 61 N.W.2d 251 (1953), involved an accident between a motorist and a pedestrian at an intersection controlled by a traffic light. In that case the Supreme Court stated, "A motor vehicle having started to cross an intersecting street in accordance with the signal light is ordinarily entitled to complete the crossing notwithstanding a change in lights." *Id.* at 686, 61 N.W.2d at 255. The rule is nothing but common sense and the practice followed by most motorists. In a later case, *Thomas v. Owens*, 169 Neb. 364, 99 N.W.2d 611 (1959), the right of the motorist turning left to complete the turn was recognized, but the Supreme Court found that under the facts in the case, the slow movement of the vehicle turning left might have been reasonably interpreted by the oncoming motorist as an indication the oncoming vehicle could pass in front of the vehicle turning left. This was a question left to the jury.

In *Heavican v. Holbrook*, 187 Neb. 814, 194 N.W.2d 208 (1972), the Supreme Court approved the rule in *Laurinat v. Giery, supra*, but went on to say: "The right-of-way of the left turning motorist over through traffic entering on the green signal, however, exists only if the motorist making the left turn entered the intersection on a favorable signal and the turning movement is continuous." *Heavican*, 187 Neb. at 818-19, 194 N.W.2d at 211. The *Heavican* rule does not strictly apply to the case at hand because the evidence shows the appellee's turning movement was not continuous. However, instruction No. 20 does not tell the jury that the appellee had the right-of-way over the oncoming traffic, but, rather, that the appellee had the right to complete the turn, "subject to the rules set forth in all these instructions." By reference to "the rules set forth in all these instructions," the jury was told that a motorist who enters an intersection with a favorable light is required to stop for oncoming traffic and must continue to yield the right-of-way to all oncoming traffic affected by the movement of his vehicle. Several more generalized instructions, such as instructions regarding reasonable care and the effect of red and amber

lights, were also set forth in the instructions. Without instruction No. 20, the jury might well have concluded incorrectly that the appellee had a duty to remain in the intersection until the light controlling his vehicle's movement turned green. He had no such duty, and the court properly gave the instruction.

The judgment of the district court is affirmed.

AFFIRMED.