In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 04-1960

RICHARD J. SCHMITZ,

*Plaintiff-Appellant,*

*v.*

CANADIAN PACIFIC RAILWAY COMPANY,
doing business as SOO LINE RAILROAD
COMPANY, a corporation,

*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 00 C 628—**J.P. Stadtmueller**, *Judge.*

---

ARGUED NOVEMBER 8, 2005—DECIDED JULY 20, 2006

---

Before CUDAHY, KANNE, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Richard Schmitz, a train conductor for Canadian Pacific Railway Company ("Canadian Pacific"), was walking alongside the tracks late one night inspecting his train's brakes with a lantern when he stepped into a hole and injured his leg. He sued Canadian Pacific under the Federal Employers' Liability Act ("FELA"),[1] alleging that Canadian Pacific negligently

---

[1] Section 1 of the Federal Employers' Liability Act provides: "Every common carrier by railroad while engaging in commerce

(continued...)

allowed trackside vegetation to grow so tall that he could not see the hole. A jury found Canadian Pacific not negligent.

Schmitz raises jury instruction errors on appeal. He argues that the district court improperly instructed the jury on liability because it omitted an instruction, previously agreed to, that a federal regulation required Canadian Pacific to keep vegetation along the track under control. He also claims the district court erred by instructing the jury to deliberate on damages regardless of its answers to the special verdict questions on liability and also by refusing to give a cautionary instruction to deter juror speculation about payment of medical and workers' compensation benefits.

We reverse in part and affirm in part. A federal regulation imposed a duty on the railroad to control trackside vegetation, *see* 49 C.F.R. § 213.37(c), and the district court should have so instructed the jury. Indeed, the judge initially agreed to do so at the jury instructions conference, but without notice changed his mind and removed the instruction before charging the jury. Schmitz did not object, but because he had no notice or opportunity to object to the district court's sua sponte changes to the jury instructions, the lack of an objection does not preclude review. The remaining claims of instructional error are without merit. Instructing the jury to deliberate on damages regardless of

---

[1] (...continued)
between any of the several States . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." 45 U.S.C. § 51.

its findings on liability was not error. Also, a cautionary instruction to deter juror speculation about medical and workers' compensation benefits was not required.

## I. Background

This appeal is about jury instructions, so only brief reference to the evidence adduced at trial is necessary. Schmitz testified that the hole into which he fell was surrounded by "a lot of grass around the edges" that "kind of camouflaged it." Others who saw the hole, which was about knee-deep, estimated that the grass surrounding it was one to two feet tall. One worker who returned to the site following the accident had trouble finding the hole because the grass was so thick.

At the jury instructions conference the judge agreed to give two instructions that are at the heart of this appeal. First, Schmitz sought a negligence instruction incorporating 49 C.F.R. § 213.37(c), which provides in relevant part: "Vegetation on railroad property which is on or immediately adjacent to roadbed shall be controlled [by the railroad] so that it does not . . . [i]nterfere with railroad employees performing normal trackside duties." The judge did not adopt Schmitz's proposed instruction word for word but agreed to instruct the jury that Schmitz was contending Canadian Pacific was negligent "[i]n allowing vegetation to interfere with normal track duties in violation of 49 C.F.R. [§] 213.321(c),[2] which provides in pertinent part" that the railroad must control vegetation so that it does not interfere

---

[2] 49 C.F.R. § 213.321(c) is identical to 49 C.F.R. § 213.37(c). Section 213.37(c) applies to track Classes 1 through 5 and § 213.321(c) applies to tracks on which trains run at speeds faster than those permitted on Class 5 tracks. *See* 49 C.F.R. § 213.1(b).

with those duties. Schmitz accepted the court's proposed modified instruction incorporating the federal regulation.

Schmitz also requested this question on the special verdict form: "Did [Canadian Pacific] violate 49 C.F.R. § 213.37 on [the day of the accident]?" The judge made no formal ruling on that request during the instructions conference. Finally, the judge agreed with Schmitz that the jury should be instructed not to deliberate on damages if it found for Canadian Pacific on liability.

By the time the judge instructed the jury, however, he had changed his mind on some of these matters. As to liability, he instructed the jury only that Schmitz alleged Canadian Pacific was negligent for letting vegetation interfere with normal trackside duties, making no mention that a federal regulation *required* Canadian Pacific to control vegetation so that it would not interfere with employees' normal duties. Also, contrary to the judge's ruling at the instructions conference, the special verdict form instructed the jurors to answer the damages questions regardless of how they answered the prior questions on liability.

After the jury retired to deliberate, the judge explained his change of mind. He stated that 49 C.F.R. § 213.37(c) did not create an absolute duty for the railroad to keep the trackside free of vegetation for Schmitz's sake. "[M]ore importantly," the judge continued, "there was no cause of action or pleading referenced in Mr. Schmitz'[s] complaint suggesting that there was a violation of this particular provision." Regarding the special verdict instructions on damages, the court noted that it was "consistent with this and other courts in our district in personal injury cases [to] ask[ ] the jury to determine damages irrespective of how they answered any of the negligence or causation questions."

During deliberations the jury sent a note to the judge asking whether Schmitz had received any "medical or

worker's comp payments." Schmitz asked the court to instruct the jurors that he was not eligible to collect workers' compensation—FELA was his only means of recovery. Instead, the judge instructed the jury that the matters addressed in its question were "simply not before the court or the jury."

The jury returned a verdict finding Canadian Pacific not negligent. The jury also set Schmitz's damages at $15,750. Schmitz moved for a new trial, arguing that the district court erred by not instructing the jury about 49 C.F.R. § 213.37. Schmitz also asserted that the court's response to the jury's question about medical and workers' compensation benefits was inadequate. The district court denied Schmitz's motion, holding that Schmitz could not use the federal regulation to support a negligence per se theory. Under traditional negligence per se principles, a statute or regulation defines a defendant's duty when (among other things) the statute or regulation was designed to protect against the type of harm at issue. *See generally* RESTATEMENT (SECOND) OF TORTS § 286 (1965). The regulation in question, the district court concluded, was designed to promote safe roadbeds for trains, not safe walkways for employees. The court also rejected Schmitz's argument that a more specific cautionary instruction was necessary in response to the jury's question about medical and workers' compensation benefits.

## II. Discussion

All three issues on appeal concern jury instructions, which we review de novo, as a whole, to be sure they correctly and completely informed the jury of the law. *Byrd v. Ill. Dep't of Pub. Health*, 423 F.3d 696, 705 (7th Cir. 2005); *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). We defer to the district court's choice of language in the instructions so long as the law is completely and

accurately conveyed. *Latino Food Marketers, LLC v. Olé Mexican Foods, Inc.*, 407 F.3d 876, 880 (7th Cir. 2005). If it is not, we must consider whether the shortcomings confused the jury and prejudiced the objecting party. *Byrd*, 423 F.3d at 705. Instructions that are so misleading as to prejudice the appellant require reversal. *Id.*

**A.  49 C.F.R. § 213.37**

Schmitz first argues that the district court erred when it refused to instruct the jury that 49 C.F.R. § 213.37(c) requires the railroad to control trackside vegetation so that it does not interfere with railroad employees performing normal trackside duties. The judge initially agreed during the instructions conference to give an instruction incorporating the federal regulation but then changed course and removed any reference to 49 C.F.R. § 213.37(c) from the instructions before charging the jury. Explaining his decision later, the judge said he decided not to give the instruction in part because Schmitz did not plead a violation of the regulation, and Canadian Pacific now reasserts that rationale on appeal. We do not know why; this court has repeatedly reiterated that plaintiffs in federal court need not plead specific facts or legal theories in their complaints. *See, e.g.*, *Sanderson v. Culligan Int'l Co.*, 415 F.3d 620, 622 (7th Cir. 2005). A complaint requires only a short and plain statement of the plaintiff's claim. FED. R. CIV. P. 8(a); *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006). Schmitz was not required to allege that Canadian Pacific violated the duty created by 49 C.F.R. § 213.37(c). *Kolupa*, 438 F.3d at 714 ("Federal complaints plead *claims* rather than facts.").

Schmitz's failure to plead a violation of 49 C.F.R. § 213.37(c) was not the only reason the district court ultimately refused to instruct the jury on the federal regulation. The court also believed the regulation did not

create a duty for Canadian Pacific or create liability under a negligence per se regime. The court concluded that the regulation was designed to promote safe roadbeds, not safe working conditions for railroad employees.

In a typical negligence per se case, a violation of a statute can be a basis for liability when the statute is intended to protect against the specific type of harm sustained by the plaintiff, *see* RESTATEMENT (SECOND) OF TORTS § 286, but cases brought under FELA are not typical negligence per se cases. *Kernan v. American Dredging Co.*, 355 U.S. 426 (1958), which involved a seaman killed in a fire that started when a navigation regulation was violated, rejected application of typical negligence per se principles in FELA cases, concluding that Congress intended the statute to provide broad recovery. *Id.* at 432. The Supreme Court held in *Kernan* that when an employer governed by FELA violates a statutory or regulatory standard and its employee is injured as a result, the employer may be held liable under FELA—even if the injury is not the type against which the statute was meant to protect.

> [T]he theory of the FELA is that where the employer's conduct falls short of the high standard required of him by this Act, and his fault, in whole or in part, causes injury, liability ensues. And this result follows whether the fault is a violation of a statutory duty or the more general duty of acting with care, for the employer owes the employee, as much as the duty of acting with care, the duty of complying with his statutory obligations.

*Id.* at 438-39.

Canadian Pacific suggests that *Kernan* is limited to FELA cases based on violations of the Safety Appliance Act or the Boiler Inspection Act, but this argument is meritless. Before *Kernan*, the Supreme Court had held in cases involving the Safety Appliance Act and the Boiler Inspection Act that a violation of either statute creates liability under FELA if

the violation causes injury. *Kernan*, 355 U.S. at 432-33.
*Kernan* did not involve a violation of either the Safety
Appliance Act or the Boiler Inspection Act; the case in-
volved a violation of a navigation regulation. *Id.* at 436. The
Court in *Kernan* extended the FELA liability principles
established in the Safety Appliance Act and Boiler Inspec-
tion Act line of cases, rejecting the argument that those
principles should be limited to cases involving violations of
those two Acts. *Id.* The Court concluded that because FELA
is the basis of liability, a specific link between the type of
harm sustained and the specific statute or regulation
alleged to have been violated is not necessary. *Id.* at 438-39.

*Kernan* thus established a bright-line rule that a FELA
employer's violation of a statutory or regulatory duty
gives rise to FELA liability for a resulting employee
injury, regardless of whether the statute or regulation was
meant to protect against the particular harm sustained by
the employee. "In a[ ] FELA action, the violation of a
statute or regulation . . . automatically constitutes a breach
of the employer's duty and negligence *per se* and will result
in liability if the violation contributed in fact to the plaintiff's
injury." *Walden v. Ill. Cent. Gulf R.R.*, 975 F.2d 361, 364
(7th Cir. 1992).

So the law is in Schmitz's favor and the district court did
not instruct the jury correctly. But Schmitz never cited
*Kernan* or *Walden* in the district court. Instead, he simply
requested a jury instruction that incorporated Canadian
Pacific's duty under 49 C.F.R. § 213.37. As applicable to this
case, Rule 51 of the Federal Rules of Civil Procedure
forecloses a party from claiming instructional error unless
he properly objects to the giving or withholding of a re-
quested instruction; proper objection under Rule 51 requires
that specific grounds be asserted. *See Schobert v. Ill. Dep't
of Transp.*, 304 F.3d 725, 729 (7th Cir. 2002); *Hebron v.
Touhy*, 18 F.3d 421, 424 (7th Cir. 1994). Review is not

precluded in this instance, however, because Schmitz was never given notice or an opportunity to object to the jury instructions that were ultimately given.

When this case was tried, Rule 51 required the district court to inform the parties of its proposed instructions before closing arguments and provide an opportunity to object on the record and outside the jury's presence before the jury retired for deliberations. FED. R. CIV. P. 51 (2003) ("The court shall inform counsel of its proposed action upon the [instruction] requests prior to their arguments to the jury. . . . Opportunity shall be given to make the objection out of the hearing of the jury."). Here, the district court initially agreed to give most of Schmitz's liability instruction—including the federal regulation—during the instructions conference. At some point after the conference, however, the judge changed his mind. Without notifying the parties, the judge returned to the bench and instructed the jury using different instructions that contained no mention of the regulation. This was contrary to the requirements of Rule 51. Schmitz relied on the court's previously announced agreement to instruct the jury on the federal regulation and cannot be faulted for failing to lodge a specific objection when no notice of the court's action or opportunity to object was provided. Accordingly, while Schmitz should have supported his proposed instruction with citation to authority in the first place, the judge was required to inform the parties of his sua sponte alteration of the previously agreed-to instructions and provide an opportunity to object. Under these circumstances we will not consider review foreclosed, especially since Schmitz so clearly pressed for an instruction and special verdict question incorporating 49 C.F.R. § 213.37.[3]

---

[3] This case was tried in 2003, just before certain amendments to Rule 51 took effect. Effective December 1, 2003, Rule 51

(continued...)

There can be little doubt that the omission of an instruction on 49 C.F.R. § 213.37 prejudiced Schmitz's case. Canadian Pacific argues that the jury still heard the essence of Schmitz's claim regarding the regulation—that Schmitz alleged the railroad was negligent because it did not keep the vegetation trimmed. But there is a world of difference between telling the jury that Schmitz alleged the railroad should have taken a particular precaution and telling the jury that federal law *required* the railroad to take that very precaution. By not instructing the jury on the federal regulation, the district judge left it up to the jury to decide whether the railroad had a duty to keep the vegetation trimmed. The regulation answers that question in the affirmative—the railroad was required under federal law to keep the vegetation trimmed. The jury should have been deciding only whether the railroad violated the regulation and whether the violation was a cause of Schmitz's injury. Schmitz's case was prejudiced by the district court's sua sponte withdrawal of the instruction on the federal regulation, and the case must be remanded for a new trial on liability.

---

[3] (...continued)

provides that the district court "must inform the parties of its proposed instructions and proposed action on the [instruction] requests before instructing the jury" and "must give the parties an opportunity to object on the record and out of the jury's hearing." FED. R. CIV. P. 51(b)(1) & (2) (2004). The rule was also amended to specify that "[a]n objection is timely if . . . a party that has not been informed of an instruction or action on a request before [the instructions are given] objects promptly after learning that the instruction or request will be, or has been, given or refused." FED. R. CIV. P. 51(c)(2)(B) (2004). Finally, we note that the 2003 amendments to Rule 51 provide for plain error review of forfeited instructional error.

**B. Deliberation on Damages**

Schmitz also argues that the jury instructions on damages were inconsistent and prejudicial. The judge initially agreed with Schmitz's request that the jury be instructed not to answer the damages questions on the special verdict if it found for Canadian Pacific on liability. As with the instruction on 49 C.F.R. § 213.37(c), the judge later changed his mind, and the instructions actually given to the jury were internally inconsistent on this point. The court instructed the jury not to needlessly answer questions and also cautioned jurors not to duplicate damages calculations *if it became necessary* for the jury to answer the damages questions in the special verdict. The special verdict form, however, directed the jury to answer the questions on damages "[r]egardless of how you answered any of the previous questions." Schmitz argues these instructions confused the jury, requiring a new trial on damages.

Schmitz did not make this argument in his postverdict motion; in any event, it is meritless. The inconsistency between the instructions and the special verdict form was not prejudicial. Prejudice in this context could result only if the jury set damages at an amount less than it otherwise might have based on the evidence, and Schmitz has not specifically challenged the actual amount the jury awarded. Instead, he makes a categorical argument that when a jury is told to answer damages questions regardless of how it answers liability questions, there is a "reasonable likelihood that there would not be full and fair deliberations on damages." Schmitz cites no authority for this speculative argument.

We note that this circuit's current pattern jury instructions (adopted after this case was tried) recommend that trial judges instruct jurors not to deliberate on damages if they find for the defendant on liability. *See* SEVENTH CIRCUIT PATTERN JURY INSTRUCTION 1.31 ("If you decide for

the defendant[s] on liability, then you should not con-
sider the question of damages."). But the matter is en-
trusted to the discretion of the trial judge, and the practice
in other jurisdictions is the opposite. *See, e.g.*, Wisconsin
Jury Instructions—Civil, 1700 ("You must answer the
damage question[s] no matter how you answered any of the
previous questions in the verdict."). Schmitz is essentially
arguing that requiring a jury to deliberate on damages
regardless of how it answers special verdict questions on
liability is prejudicial per se, and there is no support for
that proposition.

### C.  Jury Question About Workers' Compensation

   Finally, Schmitz contends the district court should have
given a cautionary instruction in response to the jury's
question about whether he received medical or workers'
compensation benefits for his injury. The court responded
that such matters were "simply not before the court or the
jury." Schmitz argues this admonishment was not adequate
to deter the jury from speculating and maintains that the
district court should have specifically instructed the jury
that he could not recover workers' compensation for his
injuries. He analogizes to an instruction approved in
*Norfolk & Western Railway Co. v. Liepelt*, 444 U.S. 490
(1980), informing juries that plaintiffs are not taxed on
personal injury awards. *Id.* at 498. In *Liepelt*, the Supreme
Court reasoned that such an instruction would do no harm
and could clarify doubt about the taxation of personal injury
damages awards. *Id.* The Court concluded that an income
tax instruction would prevent the plaintiff from receiving
inflated damages based on speculation about income
taxation and would not run the risk of decreasing the
amount an injured plaintiff is entitled to receive.

   This case is nothing like *Liepelt*. A jury instruction that
Schmitz had no means of recovery other than FELA

could have prejudiced Canadian Pacific if the jury was moved to find for Schmitz out of concern that his injury might otherwise go uncompensated. Other circuits have held such an instruction to be inappropriate, *see Stillman v. Norfolk & W. Ry. Co.*, 811 F.2d 834, 838 (4th Cir. 1987); *Weinell v. McKeesport Connecting R.R. Co.*, 411 F.2d 510, 512 (3d Cir. 1969), and we agree. The district court properly declined to instruct the jury that Schmitz was ineligible for workers' compensation payments. The court's admonition that the issues of medical and workers' compensation benefits were "simply not before the court or the jury" was appropriate.

For the foregoing reasons, the judgment of the district court is REVERSED in part, AFFIRMED in part, and the case is REMANDED with instructions for a new trial on liability only.

A true Copy:

      Teste:

                              _____

                              *Clerk of the United States Court of Appeals for the Seventh Circuit*