have rehabilitated the testimony of Tiffany, Nancy, and Stacy which had been impeached. The record on appeal is not sufficient to review this claim, because it does not indicate why the proposed additional witnesses were not included on the original witness list, nor does the record disclose trial counsel's strategy in trial preparation.

## V. CONCLUSION

We find that there was sufficient evidence to sustain the convictions on all four counts. It was not an abuse of discretion for the trial court to determine that evidence of prior sexual assaults by Kelly against K.K. was inextricably intertwined with the charged offenses and deny Kelly's request for a rule 414 hearing. We conclude that the record is not sufficient to review the grounds for Kelly's ineffective assistance of counsel claims.

Affirmed.

———————————

Edwin H. Kuhnel, appellant, v.
BNSF Railway Company,
a corporation, appellee.
___ N.W.2d ___

Filed June 25, 2013.    No. A-12-296.

1. **Jury Instructions: Judgments: Appeal and Error.** Whether jury instructions given by a trial court are correct is a question of law. When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below.
2. **Appeal and Error.** Plain error may be asserted for the first time on appeal or be noted by an appellate court on its own motion.
3. **Appeal and Error: Words and Phrases.** Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.
4. **Jury Instructions: Pleadings: Evidence.** A trial court, whether requested to do so or not, has a duty to instruct the jury on issues presented by the pleadings and the evidence.
5. **Jury Instructions: Appeal and Error.** All the jury instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading,

and adequately cover issues supported by the pleadings and the evidence, there is no prejudicial error necessitating reversal.

6. **Federal Acts: Railroads: Claims: Courts.** In disposing of a claim controlled by the Federal Employers' Liability Act, a state court may use procedural rules applicable to civil actions in the state court unless otherwise directed by the act, but substantive issues concerning a claim under the act are determined by the provisions of the act and interpretive decisions of the federal courts construing the act.

7. **Railroads: Employer and Employee.** A railroad has a nondelegable duty to provide its employees with a reasonably safe place to work.

8. **Federal Acts: Railroads: Employer and Employee.** Although not explicitly stated in the statutes, a railroad's duty to use reasonable care in furnishing employees a safe place to work has become an integral part of the Federal Employers' Liability Act.

9. **Verdicts: Juries: Presumptions: Words and Phrases: Appeal and Error.** The "general verdict" rule, which is also referred to as the "two issue" rule, is a policy rule which provides that where a general verdict is returned for one of the parties, and the mental processes of the jury are not tested by special interrogatories to indicate which issue was determinative of the verdict, it will be presumed that all issues were resolved in favor of the prevailing party, and, where a single determinative issue has been presented to the jury free from error, any error in presenting another issue will be disregarded.

Appeal from the District Court for Scotts Bluff County: RANDALL L. LIPPSTREU, Judge. Reversed and remanded for a new trial.

Michael J. Wilson, of Schaefer Shapiro, L.L.P., and James L. Cox, of Brent Coon & Associates, for appellant.

Nichole S. Bogen and Thomas C. Sattler, of Sattler & Bogen, L.L.P., for appellee.

INBODY, Chief Judge, and SIEVERS and RIEDMANN, Judges.

INBODY, Chief Judge.

### INTRODUCTION

Edwin H. Kuhnel appeals from a jury verdict in favor of BNSF Railway Company (BNSF) on his claim of a workplace injury under the Federal Employers' Liability Act (FELA) and the subsequent denial of his motion for a new trial on the basis that the jury was not instructed properly. On appeal, Kuhnel contends that the district court erred in failing to instruct

the jury on BNSF's duty to provide a reasonably safe place to work.

## STATEMENT OF FACTS

In July 2009, Kuhnel filed a complaint against BNSF pursuant to FELA, alleging that he injured his lower back when he was thrown against a locomotive cab seat during the recoupling of train cars. Kuhnel claimed that his injuries were caused, in whole or in part, by BNSF's negligent breach of its duty to exercise ordinary care to provide its employees with a reasonably safe place to work, in, among other things, failing to properly train engineers regarding the operation of distributive power; failing to provide an accurate car count to guard against hard coupling of train cars; failing to comply with specific federal regulations; and failing to comply with BNSF's own operating rules, safety rules, train handling rules, and general code of operating rules. A jury trial was held. During the jury instruction conference, both Kuhnel and BNSF tendered several jury instructions and proposed jury verdict forms to the district court and BNSF tendered requested verdict interrogatories. Among the instructions tendered by Kuhnel was the following instruction:

## PLAINTIFF'S TENDERED
## INSTRUCTION NO. 5

At the time and place in question, [BNSF] had a continuing duty as an employer to use ordinary care under the circumstances in furnishing . . . Kuhnel . . . with a reasonably safe place in which to work. It was also [BNSF's] continuing duty to use ordinary care under the circumstances to maintain and keep such place of work in a reasonably safe condition.

This does not mean that [BNSF] is a guarantor or insurer of the safety of the place to work. The extent of [BNSF's] duty is to exercise ordinary care under the circumstances to see that the place in which the work is to be performed is reasonably safe under the circumstances shown by the evidence in the case.

[BNSF's] duty to provide a safe place to work may not be delegated to a third party. [BNSF] has a duty to

provide a safe place to work even when an employee's duties require the employee to enter property or use equipment owned or controlled by a third party.

[BNSF's] duty includes the responsibility to inspect the premises where [its] employees will be working and their equipment. [BNSF] must take reasonable precautions to protect its employees from possible danger whether on [its] own premises or on the premises of third parties where [its] employees are required to work.

During the conference, the court stated that "both parties have filed proposed instructions and the court will make a finding that those will not be given so . . . if you think an additional record is necessary that's fine." Although Kuhnel's attorney did state objections to the jury instructions both before and after the court's aforementioned comments, he did not make any objections related to the instructions as to BNSF's duty as an employer to provide Kuhnel with a reasonably safe place to work. At the conclusion of the jury instruction conference, the court overruled all objections raised by both parties and refused all instructions tendered by both Kuhnel and BNSF, noting that "both parties . . . have filed tendered instructions [and] all tendered jury instructions will not be given, right or wrong." Instead, the court adopted its own instructions which it gave the jury, including the following:

### INSTRUCTION NO. 2
### I. CLAIMS OF THE PARTIES
#### A. Plaintiff's Complaint

. . . .

. . . Kuhnel further claims that his injuries were caused, in whole or in part, by BNSF's negligence, as follows:

a. Failing to provide Kuhnel with a reasonably safe place to work[.]

. . . .

#### C. BNSF's Affirmative Defenses

BNSF claims that Kuhnel's injuries were caused, in whole or in part, by his own negligence as follows:

a. Failing to exercise reasonable care; and

b. Failing to maintain a proper lookout; and

c. Failing to utilize reasonable precautions for his own safety; and

d. Failing to be alert and anticipate train movements; and

e. Failing to employ safe work habits and procedures.

. . . .

The claims of the parties are only allegations. Except for admissions, the claims frame the issues you will decide by your verdict, but they are not to be regarded as evidence in the case.

## II. BURDENS OF PROOF

### *A. Plaintiff's Burden of Proof (Negligence)*

Before Kuhnel can recover against BNSF he must prove, by the greater weight of the evidence, all of the following:

1. That at the time of the alleged accident Kuhnel was working in the course and scope of his employment by BNSF; and

2. That BNSF was negligent in one or more of the ways claimed by Kuhnel; and

3. That BNSF's negligence was a cause, in whole or in part, to some damage to Kuhnel; and

4. The nature and extent of Kuhnel's damages.

. . . .

## III. EFFECT OF FINDINGS

1. If you find that Kuhnel failed to meet his burden of proof, then your verdict must be for BNSF on Verdict Form No. 1, and you will NOT complete any of the other verdict forms.

2. If you find that Kuhnel has met his burden of proof and that BNSF has not established its claim that Kuhnel was also negligent, then your verdict must be for Kuhnel and using these instructions you must determine the amount of damages suffered by Kuhnel and complete only Verdict Form [No.] 2.

3. If you find that both Kuhnel and BNSF have met their respective burdens of proof regarding negligence and contributory negligence, then you must determine

to what extent Kuhnel's negligence and BNSF's negligence contributed to Kuhnel's damages, expressed as a percentage of 100 percent. You will first determine Kuhnel's total damages in accordance with Instruction No. 3 without regard to Kuhnel's own negligence. You will then reduce those damages by the percentage of Kuhnel's own negligence. For example, if Kuhnel's total damages were $100.00 and Kuhnel's percent of the total negligence was 25%, you would reduce his damages by 25% of $100.00, or $25.00. You will do all of this by completing only Verdict Form No. 3.

During deliberations, the jury submitted a question to the court which stated: "Can the lack of a rule or rules addressing standing in the cab of a locomotive while coupling operations are taking place be considered negligence on the part of BNSF[?]" The court's response stated: "You must decide the case on the court's written instructions and the evidence received during trial." The jury returned a verdict for BNSF, using verdict form No. 1, finding that Kuhnel had not met his burden of proof. Kuhnel filed a motion for a new trial, alleging that none of the jury instructions given by the court properly addressed BNSF's duty of care under FELA to provide a safe place to work and that the omission erroneously left the jury without guidance as to BNSF's duty of care. Kuhnel's motion for a new trial also alleged that he had tendered a proposed jury instruction relating to BNSF's duty under FELA and that the court had declined to so instruct the jury.

On March 16, 2012, citing the same portions of jury instruction No. 2 as quoted above, the district court overruled Kuhnel's motion for a new trial. The court concluded that although "Kuhnel's suggested jury instruction is well taken . . . the instructions given to the jury, taken as a whole, sufficiently instructed the jury on the law of the case and did not prejudice [Kuhnel]." The court concluded that its instructions "included the substance of Kuhnel's requested instruction regarding BNSF's duty to provide a reasonably safe place to work."

## ASSIGNMENT OF ERROR

Kuhnel contends that the district court committed reversible error when it failed to instruct the jury on BNSF's duty to provide a reasonably safe place to work.

## STANDARD OF REVIEW

[1] Whether jury instructions given by a trial court are correct is a question of law. *State v. Payne-McCoy*, 284 Neb. 302, 818 N.W.2d 608 (2012); *State v. Nolan*, 283 Neb. 50, 807 N.W.2d 520 (2012). When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below. *State v. Payne-McCoy, supra*; *State v. Nolan, supra*.

## ANALYSIS

Kuhnel contends that the district court committed reversible error when it failed to instruct the jury on BNSF's duty to provide a reasonably safe place to work. However, because Kuhnel did not object to the jury instructions based upon a failure to instruct the jury on BNSF's duty to provide a reasonably safe place to work, our review of the jury instructions is limited to plain error review. See *Tolliver v. Visiting Nurse Assn.*, 278 Neb. 532, 771 N.W.2d 908 (2009) (failure to object to jury instruction after it has been submitted to counsel for review precludes raising objection on appeal absent plain error).

[2,3] Plain error may be asserted for the first time on appeal or be noted by an appellate court on its own motion. *Worth v. Kolbeck*, 273 Neb. 163, 728 N.W.2d 282 (2007); *Centurion Stone of Nebraska v. Trombino*, 19 Neb. App. 643, 812 N.W.2d 303 (2012). Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Worth v. Kolbeck, supra*; *Centurion Stone of Nebraska v. Trombino, supra*.

[4,5] In considering whether plain error exists in the instant case, we are cognizant of the requirement that the trial court,

whether requested to do so or not, has a duty to instruct the jury on issues presented by the pleadings and the evidence. *Centurion Stone of Nebraska v. Trombino, supra*. See, *Nguyen v. Rezac*, 256 Neb. 458, 590 N.W.2d 375 (1999); *Sand Livestock Sys. v. Svoboda*, 17 Neb. App. 28, 756 N.W.2d 299 (2008). In our review, we must read all the jury instructions together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover issues supported by the pleadings and the evidence, there is no prejudicial error necessitating reversal. *Nguyen v. Rezac, supra*. See *Centurion Stone of Nebraska v. Trombino, supra*.

[6-8] In considering whether the jury instructions as given by the trial court in the instant case were adequate, we look to the substantive federal law—FELA—which formed the basis of Kuhnel's lawsuit. In disposing of a claim controlled by FELA, a state court may use procedural rules applicable to civil actions in the state court unless otherwise directed by the act, but substantive issues concerning a claim under FELA are determined by the provisions of the act and interpretive decisions of the federal courts construing FELA. *Ballard v. Union Pacific RR. Co.*, 279 Neb. 638, 781 N.W.2d 47 (2010). "'A railroad has a non-delegable duty to provide its employees with a reasonably safe place to work.'" *Deviney v. Union Pacific RR. Co.*, 18 Neb. App. 134, 138-39, 776 N.W.2d 21, 26 (2009), quoting *Pehowic v. Erie Lackawanna Railroad Company*, 430 F.2d 697 (3d Cir. 1970). Although not explicitly stated in the statutes, the railroad's duty to use reasonable care in furnishing employees a safe place to work has become "an integral part" of FELA. *Ragsdell v. Southern Pacific Transp. Co.*, 688 F.2d 1281, 1283 (9th Cir. 1982).

The jury instructions given by the district court set forth that Kuhnel claimed that BNSF was negligent, inter alia, for failing to provide him with a reasonably safe place to work, and the jury instructions specifically informed the jury that the claims of the parties were only allegations and were not to be regarded as evidence in the case. Rather than properly instructing the jury that BNSF had a nondelegable duty under federal law to provide Kuhnel with a reasonably safe place to work, the jury instructions as given erroneously left it up to the jury to decide,

as a factual determination, whether BNSF had a duty to pro-
vide a reasonably safe place to work.

A similar situation was considered by the Seventh Circuit
in *Schmitz v. Canadian Pacific Ry. Co.*, 454 F.3d 678 (7th
Cir. 2006). In *Schmitz*, a railroad worker who was walking
alongside the railroad tracks late at night inspecting his train's
brakes with a lantern was injured when he stepped into a hole
obscured by vegetation. The worker sued under FELA, alleg-
ing that the railroad negligently allowed trackside vegetation to
grow so tall that he could not see the hole. A federal regula-
tion imposed a duty on the railroad to control vegetation, and,
although the trial judge agreed during the jury instruction
conference to give an instruction on the duty created by the
regulation, the reference to the duty was removed before the
court instructed the jury. The Seventh Circuit found that by
failing to instruct the jury on the federal regulation, the trial
court erroneously left it up to the jury to decide whether the
railroad had a duty to keep the vegetation trimmed, when the
question had already been answered affirmatively by federal
regulation. The court noted that "there is a world of difference
between telling the jury that [the plaintiff] alleged the railroad
should have taken a particular precaution and telling the jury
that the federal law *required* the railroad to take that very
precaution." *Schmitz v. Canadian Pacific Ry. Co.*, 454 F.3d at
684 (emphasis in original). The Seventh Circuit found that the
jury's role should have been limited to deciding whether the
railroad violated the regulation and whether the violation was a
cause of the plaintiff's injury and that the plaintiff's case was
prejudiced by the court's withdrawal of the instruction on the
federal regulation, requiring that the case be remanded for a
new trial on liability.

Like the situation in *Schmitz v. Canadian Pacific Ry. Co.*,
*supra*, the jury instruction given in the instant case erroneously
left it up to the jury to decide whether BNSF had a duty to
provide Kuhnel with a reasonably safe place to work. Because
FELA already answered that question affirmatively—BNSF
had the duty to provide a reasonably safe workplace—the jury
instructions, as given by the district court, did not correctly
state the law. By submitting the question of whether BNSF had

a duty to provide a safe work environment for its employees, a legal issue that was controlled by federal law, the district court erroneously turned this legal issue into a threshold question of fact for the jury, resulting in prejudice to Kuhnel. Despite this, BNSF contends that this court may ignore the error committed by the district court when it failed to instruct the jury as to BNSF's duty to provide a reasonably safe place to work, because of the "general verdict" rule announced in *Lahm v. Burlington Northern RR. Co.*, 6 Neb. App. 182, 571 N.W.2d 126 (1997).

[9] A general verdict by a jury "pronounce[s], generally, upon all or any of the issues either in favor of the plaintiff or defendant." Neb. Rev. Stat. § 25-1122 (Reissue 2008). The "general verdict" rule, which is also referred to as the "two issue" rule, is a policy rule which provides that where a general verdict is returned for one of the parties, and the mental processes of the jury are not tested by special interrogatories to indicate which issue was determinative of the verdict, it will be presumed that all issues were resolved in favor of the prevailing party, and, where a single determinative issue has been presented to the jury free from error, any error in presenting another issue will be disregarded. See *Lahm v. Burlington Northern RR. Co., supra*.

This court applied the "general verdict" rule in *Lahm v. Burlington Northern RR. Co., supra*, wherein we considered whether a general verdict returned by a jury could stand where one issue was submitted to the jury without error and where another issue may have been submitted upon erroneous instructions. In *Lahm*, the jury was instructed on both the merits of the plaintiff's FELA claim and the statute of limitations. The defendant railroad requested a special verdict form requiring the jury to answer whether the action violated the statute of limitations, but the plaintiff resisted and the trial court ultimately gave the jury only a general verdict form. The jury delivered a general verdict in favor of the defendant. We found that in a case such as *Lahm*, where the defendant had specifically requested a special verdict form, which was resisted by the plaintiff, application of the "general verdict" rule was appropriate. We upheld the jury's verdict in favor of

the defendant on the basis that the statute of limitations issue had been properly submitted to the jury free from error and there was sufficient evidence to support a finding in favor of the defendant on that determinative issue.

Unlike *Lahm v. Burlington Northern RR. Co., supra*, in which the "general verdict" rule was applied where the case had been submitted to the jury on two independent alternatives upon which the jury could have based its decision (FELA and the statute of limitations) and a single determinative issue had been properly presented to the jury free from error, the instant case has a substantial, and crucial, difference. In the instant case, the case was submitted to the jury on Kuhnel's negligence claim against BNSF, which could be proved in one or more different ways, and BNSF's affirmative defense that Kuhnel was contributorily negligent, which also could be proved in one or more different ways. However, the jury never reached BNSF's affirmative defense, as evidenced by its return of verdict form No. 1 finding that Kuhnel had not met his burden of proof. Since the only issue upon which the jury could have reached its verdict was Kuhnel's claim of negligence, upon which it was erroneously instructed, there was no independent issue, free from error, upon which the jury could have reached its decision. Therefore, the "general verdict" rule is not applicable to the instant case.

## CONCLUSION

Having viewed the jury instructions given as a whole, we find that the district court's failure to instruct the jury of BNSF's duty to provide a safe place to work prejudiced Kuhnel because the jury was required to decide whether BNSF had a duty to provide a safe place to work, rather than being limited to the factual questions of whether BNSF violated its duty to provide a safe place to work and whether the violation resulted in Kuhnel's injury. Because of this failure and the resulting prejudice, we reverse the jury verdict in favor of BNSF and remand the cause for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.