Appeals with directions to reinstate the judgment of the district court as it pertains to Brian's request to remove Jakob from the State of Nebraska.

Reversed and remanded with directions.

Wright, J., participating on briefs.

———————

Edwin H. Kuhnel, appellant,
v. BNSF Railway Company,
a corporation, appellee.
___ N.W.2d ___

Filed February 28, 2014.    No. S-12-296.

1. **Jury Instructions: Appeal and Error.** Whether a jury instruction is correct is a question of law, which an appellate court independently decides.
2. **Federal Acts: Railroads: Claims: Courts.** In disposing of a claim controlled by the Federal Employers' Liability Act, a state court may use procedural rules applicable to civil actions in the state court unless otherwise directed by the act, but substantive issues concerning a claim under the act are determined by the provisions of the act and interpretive decisions of the federal courts construing the act.
3. **Jury Instructions: Appeal and Error.** Failure to object to a jury instruction after it has been submitted to counsel for review precludes raising an objection on appeal absent plain error.
4. **Appeal and Error: Words and Phrases.** Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.
5. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Petition for further review from the Court of Appeals, Inbody, Chief Judge, and Sievers and Riedmann, Judges, on appeal thereto from the District Court for Scotts Bluff County, Randall L. Lippstreu, Judge. Judgment of Court of Appeals reversed.

Michael J. Wilson, of Schaefer Shapiro, L.L.P., and James L. Cox, of Brent Coon & Associates, for appellant.

Nichole S. Bogen and Thomas C. Sattler, of Sattler & Bogen, L.L.P., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

CASSEL, J.

## INTRODUCTION

An injured railroad employee brought this action under the Federal Employers' Liability Act (FELA).[1] Pursuant to the jury's general verdict, the district court entered judgment for the employer. On appeal, the Nebraska Court of Appeals found plain error in the jury instructions regarding the employer's duty to provide a reasonably safe place to work.[2] The Court of Appeals also rejected the employer's argument that the general verdict rule precluded the court from overturning the jury's verdict. Upon further review, we conclude that the jury instructions in this case do not rise to the level of plain error. Thus, we do not reach the general verdict rule issue, and we reverse the Court of Appeals' decision.

## BACKGROUND

Edwin H. Kuhnel was an employee of BNSF Railway Company (BNSF) and alleged that he was injured when he was thrown against a locomotive cab seat during the recoupling of train cars. Kuhnel filed a complaint against BNSF pursuant to FELA in July 2009. In his complaint, he claimed that his injuries were caused by BNSF's failure to provide him with a reasonably safe place to work and to take other appropriate safety measures.

A jury trial was held, and both Kuhnel and BNSF submitted proposed instructions at the jury instruction conference. Kuhnel's proposed instructions charged the jury that FELA imposed a duty upon BNSF to provide him with a reasonably safe place to work. Kuhnel's tendered instruction No. 2 provided, in pertinent part:

> At the time and place in question, [BNSF] had a continuing duty as an employer to use ordinary care under

---

[1] 45 U.S.C. § 51 et seq. (2006).

[2] *Kuhnel v. BNSF Railway Co.*, 20 Neb. App. 884, 834 N.W.2d 803 (2013).

the circumstances in furnishing [Kuhnel] with a reasonably safe place in which to work. It was also [BNSF's] continuing duty to use ordinary care under the circumstances to maintain and keep such place of work in a reasonably safe condition.

The district court rejected both parties' proposed jury instructions at the conference and adopted its own instructions. The court's jury instructions did not include an instruction that FELA imposed a duty upon BNSF to provide a reasonably safe place to work. Instead, the instructions merely repeated Kuhnel's allegation that BNSF was negligent in failing to fulfill this duty. The court's instruction No. 2 provided, in pertinent part:

### INSTRUCTION NO. 2
### I. CLAIMS OF THE PARTIES
#### A. Plaintiff's Complaint

. . . .

. . . Kuhnel further claims that his injuries were caused, in whole or in part, by BNSF's negligence, as follows:

a. Failing to provide Kuhnel with a reasonably safe place to work[.]

The district court's jury instruction on Kuhnel's burden of proof provided:

#### A. Plaintiff's Burden of Proof (Negligence)

Before Kuhnel can recover against BNSF he must prove, by the greater weight of the evidence, all of the following:

1. That at the time of the alleged accident Kuhnel was working in the course and scope of his employment by BNSF; and

2. That BNSF was negligent in one or more of the ways claimed by Kuhnel; and

3. That BNSF's negligence was a cause, in whole or in part, [of] some damage to Kuhnel; and

4. The nature and extent of Kuhnel's damages.

The district court gave the parties multiple opportunities to make objections to its instructions at the jury instruction conference and indicated that it was interested in the parties' "having

an opportunity to make an objection of record." Kuhnel raised several objections to the instructions on other grounds, but made no objection on the basis that the instructions did not charge the jury that FELA imposed a duty upon BNSF to provide a reasonably safe place to work.

The jury returned a general verdict in BNSF's favor. It used the district court's verdict form No. 1, which stated its finding that Kuhnel had not met his burden of proof. Kuhnel moved the district court for a new trial, claiming that the court's jury instructions caused him prejudice by failing to instruct the jury on BNSF's duty of care. The district court overruled Kuhnel's motion, finding that its instructions "included the substance of Kuhnel's requested instruction regarding BNSF's duty to provide a reasonably safe place to work."

Kuhnel appealed to the Court of Appeals, which found that the district court's jury instructions constituted plain error. According to the Court of Appeals, the instructions erroneously permitted the jury to decide, as a factual determination, whether BNSF was under a duty to provide a reasonably safe place to work.[3] The Court of Appeals further found that the general verdict rule did not bar it from overturning the jury's verdict. It then reversed the judgment of the district court and remanded the cause for a new trial.

BNSF petitioned for further review, which we granted.

## ASSIGNMENTS OF ERROR

BNSF assigns that the Court of Appeals erred in (1) holding that a trial court must separately instruct the jury on the employer's duty to provide a reasonably safe place to work in a FELA case and that the failure to provide such an instruction constitutes plain error, (2) holding that the district court failed to properly instruct the jury, (3) failing to find that Kuhnel's lack of a proper objection precluded his appeal, and (4) failing to apply the general verdict rule to the jury's verdict.

_____

[3] *Id*.

## STANDARD OF REVIEW

[1] Whether a jury instruction is correct is a question of law, which an appellate court independently decides.[4]

## ANALYSIS

[2] We begin our analysis by acknowledging that in disposing of a claim controlled by FELA, a state court may use procedural rules applicable to civil actions in the state court unless otherwise directed by the act, but substantive issues concerning a claim under FELA are determined by the provisions of the act and interpretive decisions of the federal courts construing FELA.[5]

We first address the Court of Appeals' conclusions regarding the jury instructions given by the district court. Because our analysis of the instructions is dispositive, we do not reach BNSF's assignment of error as to the application of the general verdict rule.

### Separate Duty of Care Instruction

BNSF assigns that the Court of Appeals erred in holding that a trial court must provide a separate instruction on the employer's duty to provide a reasonably safe place to work in a FELA case and that the failure to do so is plain error. We find that this assignment of error misconstrues the Court of Appeals' holding.

We do not read the Court of Appeals' holding as requiring a separate duty of care instruction in a FELA case. The Court of Appeals found that the district court's jury instructions were plainly erroneous after "[h]aving viewed the jury instructions given as a whole."[6] Thus, we conclude that it was the district court's failure to include any instruction on BNSF's duty of care that the Court of Appeals found to be plainly erroneous,

---

[4] *Credit Bureau Servs. v. Experian Info. Solutions*, 285 Neb. 526, 828 N.W.2d 147 (2013).

[5] *Ballard v. Union Pacific RR. Co.*, 279 Neb. 638, 781 N.W.2d 47 (2010).

[6] *Kuhnel, supra* note 2, 20 Neb. App. at 894, 834 N.W.2d at 811.

not the failure to provide a separate instruction on the issue. We therefore reject BNSF's first assignment of error as being without merit.

## Instruction on BNSF's
### Duty of Care

In its second and third assignments of error, BNSF asserts that the Court of Appeals erred in finding that the district court's jury instructions constituted plain error for failing to instruct the jury on BNSF's duty of care under FELA. The Court of Appeals concluded that the district court's jury instructions constituted plain error because they turned BNSF's duty of care into a threshold question of fact for the jury. We disagree.

[3,4] Kuhnel failed to make an objection to the district court's jury instructions on the ground that they failed to instruct the jury on BNSF's duty of care under FELA. We have stated that failure to object to a jury instruction after it has been submitted to counsel for review precludes raising an objection on appeal absent plain error.[7] Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.[8] Thus, in the absence of plain error, there is no ground for reversal of the jury verdict.

The district court's jury instructions adequately informed the jury of BNSF's duty to provide Kuhnel with a reasonably safe place to work. Contrary to the Court of Appeals' conclusion, we agree with the district court that its instructions included the substance of Kuhnel's requested instruction on BNSF's duty of care. The burden of proof instruction stated Kuhnel's burden of proving that BNSF was negligent in one or more of the ways he had alleged. And instruction No. 2 provided that one claim of negligence was BNSF's failure to provide

---

[7] *Russell v. Stricker*, 262 Neb. 853, 635 N.W.2d 734 (2001).

[8] *Id.*

him with a reasonably safe place to work. In order to find that BNSF was negligent in this way, the instructions required the jury to determine only that BNSF had failed to provide Kuhnel with a reasonably safe place to work. The jury was not directed to determine whether such a duty existed. Thus, although not explicitly stated, the instructions recognized BNSF's duty of care under FELA and did not turn BNSF's duty of care into a threshold question of fact.

We therefore conclude that the jury instructions do not rise to the level of plain error. As we have already noted, plain error is an error of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. Although not perfect, the substance of the jury instructions adequately informed the jury as to the law of the case. We recognize that trial judges are under a duty to correctly instruct on the law without any request to do so.[9] And we acknowledge that a railroad's duty to use reasonable care in providing a safe place to work has become an integral part of FELA.[10] But we are not persuaded that the district court's instructions have resulted in a miscarriage of justice or resulted in damage to the integrity, reputation, and fairness of the judicial process. Consequently, the Court of Appeals erred in finding that plain error existed.

## BNSF's Remaining Assignment of Error

[5] Because we find that the district court's jury instructions do not rise to the level of plain error, we need not consider BNSF's remaining assignment of error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[11] Consequently, we do not address whether the Court of Appeals was correct

---

[9] See, e.g., *Russell, supra* note 7.

[10] See *Ragsdell v. Southern Pacific Transp. Co.*, 688 F.2d 1281 (9th Cir. 1982).

[11] *Holdsworth v. Greenwood Farmers Co-op*, 286 Neb. 49, 835 N.W.2d 30 (2013).

in concluding that the general verdict rule did not bar it from overturning the jury's verdict.

## CONCLUSION

Although the district court's instructions did not explicitly charge the jury on BNSF's duty of care, they implicitly recognized BNSF's duty by requiring the jury to find that BNSF was negligent if it found that BNSF had failed to provide Kuhnel with a reasonably safe place to work. We therefore find that the Court of Appeals erred in concluding that the instructions constituted plain error. Because our finding that the instructions were not plainly erroneous is dispositive, we need not analyze BNSF's remaining assignment of error. We reverse the decision of the Court of Appeals.

Reversed.

———————————

Victoria A. Wisniewski, appellant, v. Heartland Towing, Inc., et al., defendants and third-party plaintiffs, appellees, and Lyman-Richey Corporation, doing business as Ready Mixed Concrete Company, a Delaware corporation, et al., third-party defendants, appellees.

___ N.W.2d ___

Filed February 28, 2014.    No. S-13-171.

1. **Judgments: Jurisdiction: Appeal and Error.** When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court's decision.

Appeal from the District Court for Douglas County: W. Mark Ashford, Judge. Order vacated, and appeal dismissed.

Robert S. Sherrets and James D. Sherrets, of Sherrets, Bruno & Vogt, L.L.C., for appellant.

Christopher P. Welsh, of Welsh & Welsh, P.C., L.L.O., pro se.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, and Cassel, JJ.