[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10864
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00307-HLM

CHRISTOPHER GARY SWOOPE,

Plaintiff-Appellant,

versus

CSX TRANSPORTATION, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 21, 2016)

Before WILLIAM PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Christopher Swoope, a train engineer for CSX Transportation, Inc. ("CSX"), brought a claim against CSX under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 et seq., after the train he was working on hit a tree that had fallen across the tracks. The district court granted partial judgment as a matter of law in favor of CSX on Swoope's negligence per se claim, and allowed Swoope's remaining claim of ordinary negligence to go to a jury. The jury found in favor of CSX on that claim. Our careful review of the record persuades us to affirm the district court.

I.

Christopher Swoope was an engineer for CSX. On April 28, 2013, he was working as the engineer for a train going from Etowah, Tennessee to Manchester, Georgia. Another train had gone down the same tracks two hours earlier. However, when Swoope's train approached Ranger, Georgia, Swoope saw something on the tracks that looked to him like a bush. It wasn't a bush though—it was a newly fallen live tree. The train's conductor testified that it was a "huge tree," and he feared it might come through the windshield when the train hit it.

Swoope shared that fear. He thought about hitting the emergency brakes on the train, but did not do so because of the heavy rain earlier that day. The tracks were wet, his train was on a curve, and he thought applying the emergency brakes might cause the train to derail. About three seconds before hitting the tree he

2

decided to put the train in the first service break position to slow it down and he got up from his seat to get onto the floor in case part of the tree did come through the windshield. While getting up, Swoope fell on his side, and he stayed there on the floor until impact. The train collided with the tree, bending its grab irons, but it did not derail.

Swoope did not report any physical injuries immediately after the accident. By the time he arrived in Manchester, Georgia, he had a mild headache that he thought little of. Over the next two days though, he testified that he started experiencing painful back spasms. He reported them to his supervisor at CSX, who took him to get medical treatment. Eventually, Swoope got back surgery to mitigate the pain and returned to work. He continues to experience some back pain from time to time though with varying intensity.

Swoope then brought this suit against CSX under FELA, 45 U.S.C. § 51 et seq., a federal statute that imposes liability on railroad common carriers for any employee's injury caused by the carrier's negligence. See 45 U.S.C. § 51. Swoope alleged both ordinary negligence and negligence per se, based on violations of duties imposed by the Federal Railroad Administration ("FRA") regulations. Swoope filed his case in the Eastern District of Tennessee, but the parties jointly moved to transfer the case to the Northern District of Georgia, Rome

3

Division under 28 U.S.C. § 1404(a) because the accident happened in that judicial district.

Before trial, Swoope sought partial summary judgment on liability for a violation of 49 C.F.R. § 213.37 ("vegetation regulation") but was denied by the district court. A jury trial took place from February 22–24, 2016. After the parties presented their evidence, they each sought judgment as a matter of law based on the so-called vegetation regulation theory of liability. The district court judge denied Swoope's motion for judgment as a matter of law and granted CSX's motion for judgment as a matter of law, finding that that there was "no evidence [to] support[] a claim that the vegetation regulation has been violated in this case." Thus, Swoope's negligence per se claim was not submitted to the jury, but his ordinary negligence claim was allowed to proceed. The jury found in favor of CSX on this remaining claim.

## II.

Swoope appeals, claiming that (1) the district court should have granted his motion for partial summary judgment; (2) the district court should have granted his motion for judgment as a matter of law based on the vegetation regulation theory of liability; and (3) the district court should have denied CSX's motion for judgment as a matter of law. Swoope argues that the district court erred in its interpretation and in its application of the vegetation regulation. He also argues

4

that under any interpretation, the district court erred in granting judgment as a matter of law to CSX when there was evidence that could have supported a jury's finding that the vegetation regulation was violated.

As a threshold matter, we do not review the pretrial denial of Swoope's motion for partial summary judgment in his favor, because he cannot appeal that order after there was a full trial on the merits. Pensacola Motor Sales Inc. v. E. Shore Toyota, LLC, 684 F.3d 1211, 1219–20 (11th Cir. 2012) (citing Ortiz v. Jordan, 562 U.S. 180, 183–84, 131 S. Ct. 884, 888–89 (2011)).

We review de novo the denial of judgment as a matter of law before submission to a jury, and "disturb the jury's verdict only when there is no material conflict in the evidence, such that no reasonable person could agree to the verdict reached." Bhogaita v. Altamonte Heights Condominium Ass'n, 765 F.3d 1277, 1285 (11th Cir. 2014). We also review de novo the grant of judgment as a matter of law, applying the same standard as that applied by the district court: judgment as a matter of law "is appropriate when a plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element of his cause of action." Christopher v. Florida, 449 F.3d 1360, 1364 (11th Cir. 2006). "But if there is substantial conflict in the evidence, such that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions, the motion must be denied." Id. (quotation omitted).

5

A.

Swoope argues that CSX is strictly liable under FELA due to negligence per se based on a violation of the vegetation regulation, which states in relevant part: "Vegetation on railroad property which is on or immediately adjacent to roadbed shall be controlled so that it does not . . . [i]nterfere with railroad employees performing normal trackside duties."  49 C.F.R. § 213.37.  Swoope says that the district court improperly read into the regulation a requirement that the vegetation's roots be on railroad property.  He emphasizes that this limitation was particularly improper because FELA is a "remedial statute" that courts should liberally construe in favor of injured workers.  Swoope also says that the district court improperly read a notice requirement into the vegetation regulation.

We need not address all of Swoope's contentions because we agree with the district court that the vegetation regulation includes a notice requirement for liability.  See United States v. Chitwood, 676 F.3d 971, 975 (11th Cir. 2012) ("[W]e may affirm for any reason supported by the record. . . ." (quotation omitted)).  The vegetation regulation was promulgated by the Federal Railroad Administration ("FRA").  See 49 C.F.R. § 213.37.  The FRA, a part of the Department of Transportation, is statutorily mandated by Congress to prescribe regulations including track safety standards.  49 U.S.C. § 20142.  As a federal

6

agency, the FRA is entitled to deference to its decisions within the subject matter delegated to it by Congress. See Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 843–44, 104 S. Ct. 2778, 2782 (1984). And rules resulting from the notice-and-comment rulemaking process are particularly deserving of Chevron deference. See United States v. Mead Corp., 533 U.S. 218, 229–31, 121 S. Ct. 2164, 2172–73 (2001).

The FRA's 1998 Final Rule, 63 Fed. Reg. 33,992 (Jun. 22, 1998), sets out a "knowledge standard" limiting liability for track owners to "non-compliance or civil penalties for only those defects that they knew about or those that are so evident the railroad is deemed to have known about them." Id. at 33,995. The FRA's Final Rule says that this exception is unique to track safety standards because railroads cannot anticipate so as to prevent defects resulting from unpredictable effects like weather. Id.

Swoope argues that the notice requirement does not apply here because of Kernan v. Am. Dredging Co., 355 U.S. 426, 78 S. Ct. 394 (1958), where the Supreme Court described FELA as a remedial statute that courts should liberally construe to provide recovery for injured workers. See id. at 431–32, 78 S. Ct. at 398. Swoope says that Kernan dictates that only the plain words of the regulation should be read, and that a federal agency's goals or statements in the Federal Register have no effect on the text of the regulation in the FELA context. We

agree that FELA is a remedial statute, and that "a FELA employer's violation of a statutory or regulatory duty gives rise to FELA liability . . ., regardless of whether the statute or regulation was meant to protect against the particular harm sustained by the employee." Schmitz v. Canadian Pac. Ry. Co., 454 F.3d 678, 683 (7th Cir. 2006). But a violation still must occur, and there is no violation here without notice. The FRA said in its final rule—which is substantively different than the FRA's goals or statements in the Federal Register—that the railroad track owner must have notice for a violation to occur. The final rule is part of the regulatory scheme, and its requirements limit not only the FRA, but also anyone arguing that a violation of the regulation has occurred.

FELA liability premised upon negligence per se must be subject to the same limitations set by the FRA regulations. If it isn't a violation for the FRA, it can't be a violation for FELA. Therefore, we turn to whether CSX had notice, in order to determine if a violation occurred here.

## B.

Swoope argues that even if the vegetation regulation does require notice, the district court erred in granting partial judgment as a matter of law in favor of CSX and should have granted judgment as a matter of law in his favor instead. To overturn the grant of judgment as a matter of law in favor of CSX, Swoope must show that there was a legally sufficient evidentiary basis for a reasonable jury to

8

find for him.  Christopher, 449 F.3d at 1364.  To earn a grant of judgment as a matter of law in his favor, Swoope must show that there was no material conflict in the evidence such that no reasonable person could agree to the verdict reached. Bhogaita, 765 F.3d at 1285.

There was a material conflict in the evidence about whether CSX had notice of a violation of the vegetation regulation.  The district court recognized in its summary judgment order that there was a genuine material question of fact whether CSX should have known that healthy trees could fall on the tracks after heavy rain, in such a way as to pose a danger to the train crew.  At trial, Swoope presented evidence about the weather on the date of his injury arguing there was reason for CSX to have known that the tree could fall on the tracks.  On the other hand, CSX presented evidence that there had been no weather alerts for that part of the track and that another train had passed through the same track just two hours before.  Because there was a material conflict in the evidence, the district court was correct to deny Swoope's motion for partial judgment as a matter of law.

For there to be a legally sufficient evidentiary basis for a reasonable jury to find for him, Swoope needed to show that CSX had notice, or in other words, actually knew or should have known that there was vegetation obstructing the train when Swoope was injured.  See 63 Fed. Reg. 33,992, 33,995 (Jun. 22, 1998).  No evidence was presented at trial indicating that CSX had actual knowledge of the

9

tree on the tracks, so Swoope's claim rests on showing that CSX should have known the tree was there. It is true that because a reasonable jury could have found that CSX should have known that a healthy tree could have fallen on the tracks, the district court may have erred in granting partial judgment as a matter of law on Swoope's negligence per se claim in CSX's favor. But any possible error by the district court in deciding partial judgment as a matter of law on negligence per se grounds was harmless because the jury decided this same issue when reaching its verdict on Swoope's ordinary negligence claim, for which he was required to make at least the same showing in proving whether CSX "should or could reasonably have [] anticipated" the accident. See Perrine v. Fredericks, 786 F.2d 1068, 1070 (11th Cir. 1986) (holding there is no harm done by granting judgment as a matter of law where the party still "had the opportunity to fully advance their contention" to the jury). We affirm the district court.

**AFFIRMED.**