HIEN D. NGUYEN, APPELLANT, V. JAMES W. REZAC, APPELLEE.
590 N.W. 2d 375

Filed March 12, 1999.   No. S-98-170.

Timothy C. Phillips, of Morrow, Poppe, Otte, Watermeier & Phillips, P.C., for appellant. ·

J. Arthur Curtiss and Jarrod S. Boitnott, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
Hien D. Nguyen was involved in a motor vehicle accident with James W. Rezac in Lincoln, Nebraska. Nguyen sued Rezac, seeking recovery for personal injuries and property damage Nguyen alleged he suffered in the collision. At trial, a jury found in favor of Rezac in all respects. Nguyen appeals, claiming that the trial court improperly instructed the jury and erred in overruling his motion for new trial. We reverse.

## STATEMENT OF FACTS

On February 17, 1993, at approximately 3:30 p.m., Nguyen was driving his 1978 Ford Thunderbird automobile north on 20th Street, approaching the intersection of 20th Street and Cornhusker Highway. As he approached the intersection, Nguyen was traveling at approximately 20 to 30 m.p.h. At the same time, Rezac was also driving on 20th Street, heading south. Rezac's car, a 1982 Lincoln Continental, stopped in a left turn lane on 20th Street at the Cornhusker Highway intersection in preparation for the left turn he intended to make to head east on Cornhusker Highway. The intersection of 20th Street and Cornhusker Highway is controlled by a traffic light. The traffic light was green for north-south traffic on 20th Street when the collision between Nguyen and Rezac occurred. This traffic light does not have a turn arrow or other signal specifically controlling the passage of vehicles turning from 20th Street onto Cornhusker Highway.

The parties gave differing accounts of the accident. According to Nguyen, as he drove north on 20th Street toward the Cornhusker Highway intersection, he saw that the light was green for north-south traffic on 20th Street, and he saw Rezac's vehicle moving slowly southward into the intersection. Nguyen stated that he expected that Rezac would stop and yield the right-of-way while Nguyen passed straight through the intersection. Nguyen testified that as he proceeded into the intersection, however, he saw Rezac accelerate and begin executing a left turn. Nguyen testified that he immediately applied his brakes, but he could not stop his car before it collided with Rezac's car.

According to Rezac, before the collision with Nguyen, Rezac had been heading south on 20th Street, and he stopped in the left turn lane on 20th Street when the traffic light at the Cornhusker Highway intersection turned red. When the light for north-south traffic on 20th Street again turned green, Rezac slowly pulled forward into the intersection, preparing to turn left, or east, onto Cornhusker Highway. Rezac stated that he had difficulty seeing whether the way was clear for his turn, because some north-bound cars facing him on 20th Street were turning west onto Cornhusker Highway. Rezac testified that immediately south of

the Cornhusker Highway intersection, 20th Street curved, thereby complicating Rezac's assessment of whether the way was clear for him to safely execute a left turn. Rezac testified that he thought the way was clear when he began his turn onto eastbound Cornhusker Highway and that he had nearly completed the turn when his car was struck by Nguyen's vehicle.

The parties agreed that the extreme right front corner of Nguyen's automobile struck the right rear quarter panel of Rezac's vehicle. Police were called to the accident scene. After the police investigation was complete, both Nguyen and Rezac left the scene in their own vehicles. Nguyen refused emergency medical assistance at the accident scene.

Nguyen filed a petition against Rezac in the district court for Lancaster County on August 11, 1994, alleging that as a result of the collision, Nguyen sustained personal injuries and property damage. Nguyen alleged that Rezac negligently caused the collision by failing to yield the right-of-way to Nguyen at the 20th Street and Cornhusker Highway intersection, by failing to maintain a proper lookout, and by failing to keep Rezac's automobile under proper control. Nguyen sought an award of $29,500 in special damages and general damages in an unspecified amount.

In his answer to Nguyen's petition, Rezac denied that he was negligent. Rezac affirmatively alleged that Nguyen was contributorily negligent in failing to maintain a proper lookout, in failing to keep reasonable control of his vehicle, and in traveling at an excessive rate of speed.

The case was tried to a jury December 1 through 3, 1997. At a jury instruction conference, Nguyen objected unsuccessfully to the court's jury instruction No. 7, which read as follows:

Nebraska statutes provide that drivers who have a green light may proceed straight through an intersection and they may turn right or left unless there is a sign prohibiting such a turn. They do not, however, have an absolute right to do so. Drivers who have a green light still must exercise such care as a reasonably careful driver would exercise under the circumstance.

They must yield the right-of-way to traffic that is already lawfully in the intersection.

When turning left, they must yield the right-of-way to drivers approaching from the opposite direction who are in the intersection or so close to the intersection and traveling at such a speed that it is not safe to proceed with the left turn.

Jury instruction No. 7 was based upon NJI2d Civ. 7.07A. NJI2d Civ. 7.07A contains an unnumbered first paragraph pertaining to proper conduct of drivers who have a green light, which paragraph is the same as the first paragraph in instruction No. 7 quoted above. Thereafter, NJI2d Civ. 7.07A contains four numbered subparagraphs pertaining to yielding of the right-of-way by persons who have the green light in circumstances involving (1) cross traffic, (2) traffic turning right or left, (3) traffic turning left, and (4) the presence of emergency vehicles.

As given by the trial court, the second paragraph of instruction No. 7 modified NJI2d Civ. 7.07A(1). NJI2d Civ. 7.07A(1) provides that a driver who has a green light "must yield the right-of-way to *cross* traffic that is lawfully within the intersection." (Emphasis supplied.) Instead, instruction No. 7 stated that the right-of-way must be yielded to vehicles already *lawfully* in the intersection. Nguyen objected to the second paragraph of instruction No. 7. The third paragraph of instruction No. 7 is the same as NJI2d Civ. 7.07A(3) and is not the subject of Nguyen's objection.

The trial court overruled Nguyen's objection to the second paragraph in instruction No. 7. Nguyen did not tender any instructions for the court's consideration. The trial court refused four jury instructions proffered by Rezac. Instruction No. 7, as set forth above, was given to the jury, which after deliberation found for Rezac and against Nguyen.

Nguyen timely moved for a new trial. He asserted, inter alia, that jury instruction No. 7 was erroneous and inconsistent with the Nebraska pattern jury instructions. The trial court overruled Nguyen's motion for new trial. Judgment was entered in favor of Rezac. Nguyen appeals.

ASSIGNMENTS OF ERROR

On appeal, Nguyen claims that the trial court erred in overruling his objection and in giving instruction No. 7 to the jury.

Nguyen also claims that the trial court erroneously overruled his motion for new trial.

## STANDARD OF REVIEW

A trial court, whether requested to do so or not, has a duty to instruct the jury on issues presented by the pleadings and the evidence. *Wheeler v. Bagley*, 254 Neb. 232, 575 N.W.2d 616 (1998). All the jury instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover issues supported by the pleadings and the evidence, there is no prejudicial error necessitating reversal. *Tapp v. Blackmore Ranch*, 254 Neb. 40, 575 N.W.2d 341 (1998). Furthermore, in an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *Id.*

A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion. *Wheeler v. Bagley, supra.*

## ANALYSIS

Nguyen argues on appeal that the trial court erroneously deviated from NJI2d Civ. 7.07A(1) by modifying it in jury instruction No. 7, thereby prejudicing Nguyen. Referring to Nebraska statutes and NJI2d Civ. 7.07A, Nguyen claims that jury instruction No. 7 as given was an incorrect statement of the law and confused the jury regarding competing right-of-way priorities such that the jury was in effect instructed that the right-of-way belonged to whichever party could "race to the intersection first." Brief for appellant at 16. Although the second paragraph of instruction No. 7 standing alone is a correct statement of law, we agree with Nguyen that given the evidence in this case, the manner in which the trial court modified NJI2d Civ. 7.07A(1) resulted in an instruction which was misleading, confused the jury, and was prejudicial error requiring reversal.

As noted above in the statement of facts, the evidence relating to the accident was in dispute. According to Nguyen, Rezac pulled in front of Nguyen to execute a left turn. According to Rezac, after looking at oncoming traffic, he concluded that the

left turn he intended to execute could be accomplished safely. The second paragraph of instruction No. 7 implies that Nguyen, who had the green light, was required to yield to Rezac, who was "lawfully" in the intersection. However, whether Rezac was lawfully in the intersection was a fact in dispute.

Nguyen refers to two statutes found within the Nebraska Rules of the Road, see Neb. Rev. Stat. § 60-601 et seq. (Reissue 1993), in support of his challenge to instruction No. 7.

The first statute relevant to our analysis, § 60-6,123, is found under the subheading "Traffic Control Devices." Section 60-6,123(1)(a) provides:

Vehicular traffic facing a circular green indication may proceed straight through or turn right or left unless a sign at such place prohibits either such turn, but vehicular traffic, including vehicles turning right or left, shall yield the right-of-way to other vehicles and to pedestrians lawfully within the intersection or an adjacent crosswalk at the time such indication is exhibited.

The second statute to which Nguyen refers is § 60-6,147, which is found under the subheading "Right-of-Way." Section 60-6,147 provides:

The driver of a vehicle who intends to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or approaching so close as to constitute an immediate hazard.

We have compared jury instruction No. 7 as given with these statutes, and we observe that jury instruction No. 7 as given by the trial court adequately reflects § 60-6,123(1)(a) in the first paragraph and § 60-6,147 in the third paragraph. Instruction No. 7 is not improper on this basis. However, the second paragraph of instruction No. 7 is not derived from these statutes, and although it may be a correct statement of the law, its contents were misleading and confusing to the jury on the facts of this case. See *Dolberg v. Paltani*, 250 Neb. 297, 549 N.W.2d 635 (1996). It is on this basis that instruction No. 7 was rendered improper and prejudicial.

Nguyen also claims that instruction No. 7 was given in error, for the reason that the instruction is not a verbatim recitation of NJI2d Civ. 7.07A. In this regard, Nguyen claims that NJI2d Civ. has been endorsed by the Nebraska Supreme Court and, therefore, that the instructions contained therein must be given verbatim. However, this court has previously held that " 'the instructions contained in the second edition of the Nebraska Jury Instructions are designed to be used when they reflect the law and the pleadings *and evidence* call for such an instruction.' " (Emphasis supplied.) *Mahoney v. Nebraska Methodist Hosp.*, 251 Neb. 841, 850, 560 N.W.2d 451, 457 (1997). The fact that instruction No. 7 in the instant case deviates from NJI2d Civ. 7.07A is not a basis upon which to find it per se erroneous. "To so hold would essentially deny a court the opportunity to properly formulate instructions that are tailored to the case at hand." *Mahoney v. Nebraska Methodist Hosp.*, 251 Neb. at 850, 560 N.W.2d at 457. See, also, *Rigatuso v. Lowe*, 1 Neb. App. 134, 503 N.W.2d 845 (1992).

The purpose of a jury instruction is to furnish guidance to the jury in its deliberations and to aid the jury in arriving at a proper verdict. *Mahoney v. Nebraska Methodist Hosp., supra.* A jury instruction should clearly and concisely state the issues of fact and the principles of law which are necessary for the jury to accomplish its purpose. *Id.* Here, the trial court modified NJI2d Civ. 7.07A by eliminating a reference to cross traffic within the intersection, presumably because the collision between the parties was not a cross-traffic incident, and instead, instruction No. 7 referred to traffic lawfully in the intersection. Given the factual accounts of the accident, which were in dispute, this modification implied that Nguyen, who had a green light, should have yielded to Rezac because Rezac was "lawfully in the intersection." This issue was in dispute, and its resolution should have been left to the jury. Instruction No. 7 as modified was confusing, prejudiced Nguyen, and requires reversal.

We are aware that jury instructions must be read conjunctively, not separately or in isolation, and that if the instructions given, when taken as a whole, correctly state the law, are not misleading, and adequately cover the issues submissible to the jury, there is no prejudicial error concerning the instructions

necessitating a reversal. *Walkenhorst v. State*, 253 Neb. 986, 573 N.W.2d 474 (1998). Notwithstanding a panoply of separate proper instructions elsewhere in the trial court's charge, instruction No. 7 was misleading, and the instructions taken as a whole were prejudicial.

Because we have concluded that under the facts of this case, the giving of the second paragraph of jury instruction No. 7 constituted prejudicial error, we necessarily find that the trial court abused its discretion by overruling Nguyen's motion for new trial based on instruction No. 7.

## CONCLUSION

The rulings of the trial court with respect to instruction No. 7, the order of the trial court entering judgment upon the jury verdict in Rezac's favor, and the order overruling Nguyen's motion for new trial are reversed.

REVERSED.