IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. BIGELOW

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SHANNON D. BIGELOW, APPELLANT.

Filed January 22, 2019.    No. A-18-006.

Appeal from the District Court for Lancaster County: KEVIN R. MCMANAMAN, Judge. Affirmed.

Mark E. Rappl for appellant.

Douglas J. Peterson, Attorney General, Melissa R. Vincent, and Derek T. Bral, Senior Certified Law Student, for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

RIEDMANN, Judge.

## I. INTRODUCTION

Shannon D. Bigelow appeals his conviction of third degree assault on an officer. He claims that the district court for Lancaster County erred in refusing to instruct the jury on his insanity defense and in instructing the jury on involuntary intoxication. He also claims he received ineffective assistance of counsel in three respects. Finding no merit to the arguments raised on appeal, we affirm.

## II. BACKGROUND

In July 2016, Bigelow was admitted to a hospital in Lincoln after taking methamphetamine and exhibiting bizarre behavior at his home. At the hospital Bigelow was agitated, restless, and pacing his room, so nurses injected him with three medications, Haldol, Ativan, and Benadryl to

relax him. Bigelow, however, became more agitated, and left his hospital room and began pacing around the emergency room. After security was called, Bigelow approached the nurses' station and was told by Lincoln Police Officer Eric Messersmith to leave the area. Bigelow then punched Messersmith in the face, took him to the ground, and punched him several more times as he reached for Messersmith's gun. Bigelow then fled the emergency room where he was subsequently arrested.

In August 2016, the State charged Bigelow with third degree assault on an officer in violation of Neb. Rev. Stat. § 28-931 (Reissue 2016), a Class IIIA felony. The State filed an amended information, adding a habitual criminal enhancement pursuant to Neb. Rev. Stat. § 29-2221 (Reissue 2016). Bigelow subsequently filed a notice of intent to rely on insanity defense. A competency evaluation was performed on Bigelow and it was determined that he was competent to stand trial.

A jury trial was held in November 2017. Because Bigelow's assigned errors focus primarily on his mental state at the time of the offense, our recitation of the evidence presented at trial will center on that issue. To demonstrate that he was sufficiently impaired at the time of the offense to support an insanity defense, Bigelow presented the testimony of Dr. Klaus Hartmann. Hartmann interviewed Bigelow in January 2017 to determine if Bigelow was sane at the time of the assault in July 2016. Hartmann testified that based on that initial information, he believed that Bigelow was insane at the time of the assault. Hartmann ultimately opined that the combination of Haldol, Ativan, and Benadryl had an intoxicating effect on Bigelow, and was the cause of his impairment.

Hartmann further testified that prior to the assault in July 2016, Bigelow had been admitted to hospitals and crisis centers several times in response to his drug use and mental health. Additionally, Hartmann indicated than on previous occasions, Bigelow had been diagnosed with varying mental health disorders, including: schizophrenia, psychosis not otherwise specified, and drug abuse. However, Hartmann testified that, although Bigelow was impaired at the time of the assault, his impairment was the result of the medications he received at the hospital, and not the result of a mental disease or defect. Moreover, Hartmann asserted that Bigelow's impairment was not the result of the methamphetamine which Bigelow had ingested prior to being admitted to the hospital.

At the close of Bigelow's evidence, the State requested the district court to find that Bigelow was not entitled to an insanity instruction. The district court agreed, stating that Bigelow had not made a prima facie case that he was insane due to a mental disease or defect, as required by Nebraska law. At the jury instruction conference, the court rejected the insanity instruction proposed by the defense and included instead an involuntary intoxication instruction to which neither party objected.

The jury subsequently found Bigelow guilty of third degree assault on an officer. The district court found that there was sufficient evidence demonstrating that Bigelow was a habitual criminal under § 29-2221, and sentenced him to a mandatory minimum of 10 years in prison and a maximum of 12 years. Bigelow timely appealed.

## III. ASSIGNMENTS OF ERROR

Bigelow assigns, restated, that the district court erred when it (1) refused to give the jury an insanity instruction and (2) issued an involuntary intoxication instruction. He also assigns that he received ineffective assistance of counsel.

## IV. STANDARD OF REVIEW

Whether jury instructions given by a trial court are correct is a question of law. *State v. Hotz*, 281 Neb. 260, 795 N.W.2d 645 (2011). To establish reversible error for a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction. *Id*.

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Schwaderer*, 296 Neb. 932, 898 N.W.2d 318 (2017). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only questions of law: Are the undisputed facts contained within the record sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance? *Id*.

## V. ANALYSIS

### 1. INSANITY INSTRUCTION

In his first assigned error, Bigelow asserts that the district court erred in refusing to instruct the jury on insanity. We disagree because an insanity instruction was not warranted by the evidence.

The record of the jury instruction conference shows that Bigelow offered a proposed insanity instruction and a copy is included in our record. Specifically, Bigelow's proposed instruction mirrored the language of NJI2d Crim. 7.0 and listed the elements of the defense as follows:

> (1) That Shannon D. Bigelow had a mental disease, defect or disorder at the time of the acts charged; and
>
> (2) That this mental disease, defect or disorder impaired his mental capacity to such an extent that either:
>
> (i) He did not understand the nature and consequences of what he was doing; or
>
> (ii) He did not know the difference between right and wrong with respect to what he was doing.

The insanity defense developed early at common law, and the *M'Naghten* rule (*M'Naghten's Case*, (1843) 8 Eng. Rep. 718, 10 Cl. & Fin. 2000) is one of the most common definitions of insanity. *State v. Hotz, supra*. Generally speaking, the *M'Naghten* rule requires that a defendant not know the nature and quality of his or her actions, as well as not know that what he or she was doing was wrong. *Id*.

As set out in NJI2d Crim. 7.0, the two requirements for the insanity defense are that (1) the defendant had a mental disease or defect at the time of the crime and (2) that this mental disease or defect impacted the defendant's ability to understand the nature and consequences of what he was doing or the difference between right and wrong. While the insanity defense itself is a product of common law, the procedural aspects of the insanity defense are set out in Neb. Rev. Stat. § 29-2203 (Reissue 2016). *State v. Hotz, supra.* That statute also places the burden for proving insanity on the defendant. § 29-2203.

Here, the record indicates that Bigelow's impairment at the time of the offense was caused by the drugs administered at the hospital, and was not the result of a mental disease or defect. Hartmann testified that Bigelow's behavior was solely the result of the medications Bigelow received at the hospital. Specifically, the following exchanges occurred during the State's cross-examination of Hartmann:

> [State's attorney:] Because according to what you've said today, it was the effect of the drugs on Mr. Bigelow that was an impairment and that was what caused him to act the way he did? Yes.
>
> Q. Not a mental disease, defect, or disorder, correct?
>
> A. Yes.

Hartmann further opined:

> [State's attorney:] But your opinion is that Mr. Bigelow was suffering impairment from the three drugs he was given by the hospital, correct?
>
> A. Yes.
>
> Q. Not that he was suffering from a mental disease that impaired his mental capacity to the extent he did not understand the nature and consequences of what he was doing, correct?
>
> A. I attribute his conduct to the effect of the injections that he was given.
>
> Q. So the answer is yes?
>
> A. Yes.
>
> Q. And your opinion is not that he was suffering from the mental disease to the extent that he did not know the difference between right and wrong with respect to what he was doing, it was the impairment due to the three drugs, correct?
>
> A. Yes.

Bigelow contends that Hartmann testified that his impairment was caused by "the three medications he was administered at the hospital *and* his underlying mental illness." Brief for appellant at 9-10 (emphasis in original). However, Hartmann stated that this was his opinion when he first formed it during his evaluation of January 23, 2017. He later clarified that once he received additional information, his initial opinion changed. Based upon the above quoted testimony, it is clear that Hartmann's opinion at the time of trial was that Bigelow's impairment at the time of the offense was not the result of a mental disease or defect. Therefore, the evidence did not warrant an insanity instruction.

A trial court need not instruct the jury on an issue where the facts do not justify such an instruction. *Farmers Mut. Ins. Co. v. Kment*, 265 Neb. 655, 658 N.W.2d 662 (2003). Although Bigelow argues on appeal that he suffered from schizophrenia, and therefore had a mental disease or defect which warranted an insanity instruction, the evidence did not support a finding that this mental disease impacted his ability to understand the nature and consequences of what he was doing or the difference between right and wrong. The fact that a defendant has some form of mental illness or defect does not by itself establish insanity. *State v. Harms*, 263 Neb. 814, 643 N.W.2d 359 (2002), *modified*, 264 Neb. 654, 650 N.W.2d 481 (2002). Hartmann testified unequivocally that, while Bigelow was impaired at the time of the offense, his impairment was the result of the drug injection he received at the hospital. The district court did not err in refusing to instruct the jury on insanity.

Because we find that the evidence did not warrant an insanity instruction, we do not address Bigelow's argument that an insanity instruction was legally available to him.

### 2. INVOLUNTARY INTOXICATION INSTRUCTION

In his second assigned error, Bigelow asserts that the district court erred in instructing the jury on involuntary intoxication. We disagree.

The purpose of a jury instruction is to furnish guidance to the jury in its deliberations and to aid the jury in arriving at a proper verdict. *Nguyen v. Rezac*, 256 Neb. 458, 590 N.W.2d 375 (1999). A jury instruction should clearly and concisely state the issues of fact and the principles of law which are necessary for the jury to accomplish its purpose. *Id*. A trial court, whether requested to do so or not, has a duty to instruct the jury on issues presented by the pleadings and the evidence. *Id*. If the instructions given, which are taken as a whole, correctly state the law, are not misleading, and adequately cover the issues submissible to a jury, there is no prejudicial error concerning the instructions and necessitating a reversal. *First Nat. Bank North Platte v. Cardenas*, 299 Neb. 497, 909 N.W.2d 79 (2018).

Here, the district court properly instructed the jury on involuntary intoxication. Instruction No. V, in relevant part, provided:

> There has been evidence that the defendant was intoxicated at the time that the crime with which he is charged was committed.
>
> Voluntary intoxication is not a defense to the crime charged. You may not consider his voluntary intoxication in determining whether he had the required intent to commit the crime charged.
>
> Evidence that Mr. Bigelow was involuntarily intoxicated may be taken into consideration if he proves by clear and convincing evidence that he did not:
>
> (1) know that it was an intoxicating substance when he or she ingested, inhaled, injected, or absorbed the substance causing the intoxication; or
>
> (2) ingest, inhale, inject, or absorb the intoxicating substance voluntarily.
>
> Such involuntary intoxication is a defense only when a person's mental abilities were so far overcome by the involuntary intoxication that he could not have had the required intent.

First, we note that Bigelow did not object to the involuntary intoxication instruction during the jury instruction conference. Failure to object to a jury instruction after it has been submitted to counsel for review precludes raising an objection on appeal absent plain error. *State v. Hinrichsen*, 292 Neb. 611, 877 N.W.2d 211 (2016).

Because Bigelow did not object to the involuntary intoxication instruction when offered by the district court, we review only for plain error and find none. Nebraska has codified its intoxication defense in Neb. Rev. Stat. § 29-122 (Reissue 2016):

> A person who is intoxicated is criminally responsible for his or her conduct. Intoxication is not a defense to any criminal offense and shall not be taken into consideration in determining the existence of a mental state that is an element of the criminal offense unless the defendant proves, by clear and convincing evidence, that he or she did not (1) know that it was an intoxicating substance when he or she ingested, inhaled, injected or absorbed the substance causing the intoxication or (2) ingest, inhale, inject or absorb the intoxicating substance voluntarily.

Thus, the involuntary intoxication instruction was an accurate statement of the involuntary intoxication defense in Nebraska. The district court instructed the jury that, while voluntary intoxication is not a defense to the offense Bigelow was charged with, the jury could consider whether Bigelow was involuntarily intoxicated, and therefore, did not have the required intent for the assault. Further, the district court accurately informed the jury that the burden was on Bigelow to demonstrate that he was involuntarily intoxicated by clear and convincing evidence, which § 29-122 mandated.

Bigelow argues that there was not enough evidence to support an involuntary intoxication instruction, but his argument is not supported by the record. Hartmann testified that the three medications Bigelow received at the hospital had an intoxicating effect on Bigelow, which impaired his judgment. Thus, there was sufficient evidence for the court to instruct the jury on involuntary intoxication, regardless of the fact that neither party requested the court to do so. Moreover, Bigelow's argument that the involuntary intoxication instruction was improper because the district court did not define "intoxicating substance" is meritless. Brief for appellant at 20. Jurors are accepted because they are men and women of common sense and have a common understanding of words ordinarily used in our language. In instructing a jury, the trial court is not required to define language commonly used and generally understood. *State v. Duncan*, 293 Neb. 359, 878 N.W.2d 363 (2016).

The evidence presented to the jury indicated that Bigelow was injected with three medications intended to sedate him, therefore, those three medications were the only possible "intoxicating substance" that Bigelow could have received. The district court did not need to define "intoxicating substance" for the jury based on the evidence presented.

We find no plain error in the district court's involuntary intoxication instruction because the instruction was warranted by the evidence and was an accurate statement of Nebraska law.

### 3. INEFFECTIVE ASSISTANCE OF COUNSEL

In his third assigned error, Bigelow asserts that he received ineffective assistance of counsel during his trial. Bigelow argues that his trial counsel was ineffective in failing to call material witnesses, failing to preserve a constitutional challenge to the district court's involuntary intoxication instruction, and in failing to adequately argue his insanity defense. We disagree.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015). A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*. When the claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*.

Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims were without merit or in the rare cases where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial. *Id*. An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *Id*.

### (a) Failure to Call Material Witnesses

Bigelow first argues that he received ineffective assistance of counsel because his attorney did not call material witnesses who could have testified regarding his mental health history and his behavior leading up to this incident. These witnesses included Bigelow's wife, his sister-in-law, and a family friend. However, the record does not include any information as to the substance of these witnesses' potential testimony. Thus, the record is insufficient to adequately address this claim; therefore, we decline to do so.

### (b) Failure to Preserve Constitutional Challenge

Bigelow next argues that he received ineffective assistance of counsel because his attorney did not properly preserve a constitutional challenge to the court's involuntary intoxication instruction. He points out that on two occasions, the Nebraska Supreme Court has left open the question of whether § 29-122 is constitutional because it places the burden upon the defendant to prove involuntary intoxication by clear and convincing evidence. See, *State v. Abejide*, 293 Neb. 687, 879 N.W.2d 684 (2016); *State v. Dubray*, 289 Neb 208, 854 N.W.2d 584 (2014). In light of these two cases, Bigelow asserts his counsel was ineffective for failing to raise the issue. However, in *State v. Sanders*, 289 Neb. 335, 855 N.W.2d 350 (2014), the Supreme Court held that counsel could not be found deficient for failing to raise a novel constitutional challenge. Bigelow asserts that because the constitutionality of the statute has been previously raised, the principle enunciated in *Sanders* is inapplicable. We disagree.

In order to prevail on a constitutional claim of ineffective assistance of counsel, Bigelow needed to show that counsel's performance was deficient and that such deficient performance prejudiced his defense. See *Strickland v. Washington, supra*. But Bigelow's claim of ineffective assistance of counsel fails the first prong of the test because counsel's performance could not be found to be deficient for failing to raise a novel constitutional challenge. Counsel is not required to anticipate changes in the law. See *State v. Sanders, supra*. At the time of Bigelow's trial, there was no published decision finding § 29-122 unconstitutional. Therefore, we determine that counsel was not ineffective for failing to raise a constitutional challenge to the involuntary intoxication instruction.

### (c) Failure to Adequately Argue Insanity Defense

Finally, Bigelow asserts that his trial counsel was ineffective by failing to adequately argue the applicability of temporary insanity in the context of involuntary intoxication. Bigelow further argues that his counsel was deficient in creating a clear record regarding the connection between involuntary intoxication and insanity. We find no merit to this argument.

Bigelow's attorney presented evidence regarding the intoxicating effect that the medications Bigelow received at the hospital had on him, and how those medications impaired his judgment. Further, Bigelow's attorney not only argued that the medications Bigelow received put him in a state of temporary insanity to the court, but his attorney also presented a proposed insanity jury instruction, which was overruled by the court. We find the record sufficient to establish that Bigelow's counsel adequately argued the applicability of temporary insanity in the context of involuntary intoxication, but the judge ruled against him. An unfavorable result does not, by itself, support a claim of ineffective assistance of counsel. *State v. Sims*, 244 Neb. 771, 509 N.W.2d 6 (1993).

### VI. CONCLUSION

We conclude that the district court did not err in refusing to issue an insanity instruction or in giving an involuntary intoxication instruction. We further find that the record negates Bigelow's ineffective assistance of counsel claims as they relate to the constitutionality of § 29-122 and counsel's efforts to tie involuntary intoxication to the insanity defense. The record is insufficient to address his remaining ineffective assistance of counsel claim.

AFFIRMED.